JULIUS JOHNSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

58  491
116  577

1. When a criminal case has been once continued on the ground of the absence of two witnesses, it is not, necessarily, error to refuse a second continuance on the same ground, especially if it appear that both witnesses have gone beyond the jurisdiction of the court.

2. After a juror has been put upon a prisoner, but before he is sworn to try the case, the court may allow the solicitor general to ask him whether he has been naturalized, the solicitor having just been informed that the juror had not been naturalized, and, on ascertaining that he had not been naturalized, the court may set him down for cause.

3. Cattle-stealing is felonious, and punishable by confinement in the penitentiary, unless the jury recommend the prisoner to mercy, in which event the offense is not felonious, but only punishable by fine, or imprisonment in the common jail or the chain gang; therefore, the right of the jury is to lessen the punishment by the grant of mercy, and the right of the defendant is to receive mercy from the jury if they see fit to grant it. This right is not restricted in the Code to cases of mitigating circumstances, or other particular facts of any given case, but is at the free disposal of the jury in any case of cattle-stealing whatever. The law not limiting this free grant of mercy in the jury, the court should not limit it in charging the law thereon.

Criminal Law. Continuance. Jury. Practice in the Superior Court. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1876.

32

Reported in the opinion.

THORNTON & WILLIAMS, for plaintiff in error.

W. A. LITTLE, solicitor general, for the State.

JACKSON, Judge.

The defendant was indicted for stealing a cow, and convicted of that crime. He moved for a new trial on three grounds ; the motion was denied, and he excepted.

1. The first ground was, that two witnesses were absent, and he moved to continue the case, and the court refused it. He had continued before for the absence of these two witnesses ; they had gone to Alabama, beyond the jurisdiction of the court, and the court declined to grant another continuance. We shall not interfere with the discretion of the court in this matter, but hold that the judge did right—certainly he did not abuse his discretion.

2. The second error assigned is, that the court permitted the solicitor general, after a juror was put upon the prisoner, but before he was sworn, to inquire if the juror was naturalized, the information that the juror had never been naturalized having that moment come to the knowledge of the solicitor, and that the court then excused the juror for cause. Again, we hold that the judge did right. The point was settled in 3 Kelly, 453, and the law to the same effect will be found re-enacted in the Code, §4681.

3. The third and only remaining ground insisted upon here is, that the court charged the jury as follows : " if you should find him guilty, you may inquire what were the circumstances under which he stole this colored man's cow, and brought her to town to sell her. Were they such as to justify you in recommending him to the mercy of the court ? What mitigating circumstances, if he is guilty, are there to warrant you in recommending him to the mercy of the court ? If any, he is entitled to their benefit. If, in your judgment, he stole the cow, and there were any cir-

cumstances connected with it such as to warrant you in recommending him to the mercy of the court, why then it would be your duty to do it; but if there be none to justify you in recommending him to the mercy of the court, why then you ought not to do it." This charge is assigned as error. This offense is cattle-stealing, and the punishment thereof is found in the Code, section 4399. It is confinement in the penitentiary from two to four years, "unless the jury trying the case shall recommend the prisoner to mercy; in that event *he shall be punished* as prescribed in section 4310 of this Code." Section 4310 prescribes punishment not more severe than the chain-gang, fine of a thousand dollars, and imprisonment six months. So that a recommendation to mercy grades this offense as less than felony, keeps the prisoner out of the penitentiary, and is a great right to which the defendant is entitled by law. What is that right? It is a right for the jury to say whether he shall be sent to the penitentiary or not. Under what circumstances? Under all circumstances. The law does not limit it to a case of mitigating circumstances, or any peculiar circumstances whatever. But the mercy of the jury, the neighbors of the man, is free; and freely it may be bestowed in *any* case. It is lodged, too, by the general assembly, whether wisely or not we are not called upon to say, *in the jury*, and not in the judge. Ordinarily, punishment, its degree and extent, is vested in the court, the occupant of the circuit bench; but the statute, in these offenses, vests it in the jury, to the extent of saying that this man shall not go to the penitentiary. Whether they ought or ought not to be merciful, is for them to say, independently of directions from the court as to the circumstances which would justify them in so saying. Inasmuch as the effect of the charge of the court was to restrict a right in the jury which the law did not restrict, and as it might have prevented this jury from saying, by their verdict, that the defendant shall not be sent to the penitentiary, we feel ob-

liged by the law to reverse the judgment, and to grant a new trial.

Judgment reversed.