HILL *vs.* THE STATE OF GEORGIA.

The Code leaves it in the discretion of the jury as to whether they will recommend imprisonment for life in the penitentiary of a person convicted of murder; they are not limited or circumscribed in any respect whatever; nor does the law prescribe any rule by which the jury may or ought to exercise this discretion. Therefore, a charge that the jury, in considering the question of recommending to mercy, should not be governed by their sympathies, but by their judgments, approved by the evidence in the case and the law applicable to it, was error.

September 11, 1883.

Criminal Law. Charge of Court. Before Judge BROWN. Cherokee Superior Court. February Adjourned Term, 1883.

Reported in the decision.

P. P. DuPREE; NEWMAN & ATTAWAY, for plaintiff in error.

C. ANDERSON, attorney general; G. F. GOBER, solicitor general, for the state.

BLANDFORD, Justice.

George Hill was indicted and found guilty of the mur-

der of Bill Bryant. A motion for a new trial was made upon several grounds, which was overruled by the court below, and the defendant excepted, and assigns as error the refusal of the court to grant said motion. It is unnecessary to consider but one ground contained in the motion for new trial. The court below instructed the jury, " If you find this defendant guilty, then you have a right, under our law, either to find him guilty without a recommendation, or you have the right, if you find him guilty, to recommend that he be punished by imprisonment in the penitentiary for life. If you find him guilty, it is for you to consider the case and say whether it is a proper case for that or not. You are not to be governed in that instance by your sympathies, but by your judgment, to say whether or not it is such a case as it ought to be done. You must be governed by your judgment, approved by the evidence * * * in the case and the law applicable to it, and then say what is your duty as twelve upright, sworn jurors; if you see proper to recommend his imprisonment for life, you will then find that verdict * * *; if you think it is not such a case as would make it proper to so recommend, then you are to find him guilty * * *."

The Code of Georgia, §4323, declares: " The punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life in the following cases: If the jury trying the case shall so recommend. If the conviction is founded solely on circumstantial testimony, the presiding judge may sentence to confinement in the penitentiary for life; in the former case it is not discretionary with the judge; in the latter it is." This statute leaves it in the discretion of the jury as to whether they will recommend imprisonment for life in the penitentiary of a person convicted of murder; it is not limited or circumscribed in any respect whatever. This law does not prescribe any rule by which the jury may or ought to exercise this great discretion ; it does not say that the jury are not to be governed by their sympathies, and

that they are to be governed by their judgment, as instructed by the court below. The court below imposed, by its charge, restrictions upon the jury unauthorized and unwarranted by the statute. In the case of *Johnson vs. State*, 58 *Ga.*, 491, this court held the same thing; that is, where a party was charged with the offence of cattle stealing, which was felonious upon conviction, unless the jury recommended to mercy, in which event the punishment was as for a misdemeanor, that "the right of the jury is to lessen the punishment by the grant of mercy, and the right of the defendant is to receive mercy from the jury, if they see proper to grant it. * * The law not limiting this free grant of mercy in the jury, the court should not limit it in charging the law thereon."

The court below committed error in his instructions to the jury, as above set forth, and should have granted a new trial on this ground.

Judgment reversed.