R. J. JORDAN and F. M. O'BRYAN, for plaintiff in error.

LEWIS W. THOMAS, solicitor, *contra*.

---

## THOMAS *v.* THE STATE.

1. Facts which are appropriate matter for a motion for continuance are not ground for a new trial where no such motion was made, although the trial took place shortly after the homicide was committed, and although the accused was confined in jail continuously

from the commission of the homicide up to the time of the trial, and had not employed counsel before the case was called.

2. The evidence warranted the verdict, and the verdict was not rendered illegal by failure of the jury to recommend imprisonment for life as the punishment, such recommendation being in all cases matter of discretion with the jury. *Judgment affirmed.* July 4, 1892.

Criminal law. Murder. Practice. Verdict. Before Judge JENKINS. Jasper superior court. March term, 1892.

Joe Thomas was convicted of murder and sentenced to death. A new trial was denied, and he excepted. The evidence makes a case of murder, and shows that the killing occurred in December, 1891, at a dancing party in Jasper county. The grounds of the motion for a new trial, besides those alleging that the verdict is contrary to law and evidence, are as follows:

1. Since the offence was committed the defendant has been in the common jail. When he was first imprisoned he notified the sheriff that he desired to see a lawyer in order to enable him under his counsel to prepare his case and to secure his evidence; that this was necessary because some of his witnesses resided out of Jasper county. The sheriff and jailer failed to send him an attorney, and he was thus left without counsel up to the very moment when the case against him was sounded by the court for trial on March 30th. Though some witnesses had been subpœnaed for him, the homicide was committed at night at a party at which were many persons who must have seen or known how the difficulty between himself and deceased occurred, and by whom he believes he could establish his innocence under the law, and could have done so had he not been so confined in jail. He has no family relations in the neighborhood or accessible to him, or any in the county, to whom he could appeal to aid him in preparing his defence.

2. Ella Glover, for whom a subpœna was issued for

defendant, was reported to have resided in Newton county, and by a mistake of the law the bailiff to whom the subpœna was delivered to be served, did not serve it, under the idea that he did not think that witnesses outside of the county would be required to attend court; and on that account the witness did not appear and testify for him. He could and would have shown by her that while he was dancing, or was on the floor to dance at the party with her, the deceased approached them with an open knife in his hand, cursed and abused him and threatened to take his life, that he was at that time in a drunken and boisterous condition, and that by reason of these threats defendant did not dance, but left the house to avoid the difficulty, and did not return therein that night. He did not state this to his counsel before the case was called, nor until the jury was empanelled. Neither he nor his counsel had an opportunity to obtain his evidence, nor did he have time to tell his counsel even the evidence of the witnesses that were sworn. By failure so to inform his counsel for want of time and under the excitement of the moment, his counsel called the attention of the court to the fact, but made no motion for a continuance; and from this latter cause defendant did not have a fair trial.

3. Other witnesses could have been obtained, as he is informed and believes since the trial, whose names he does not now know and whom he is advised and believes he can have present in the event a new trial is granted.

No affidavits appear to have accompanied the motion. The bill of exceptions states that the counsel for the defendant announced ready.

PRESTON & GILES, for plaintiff in error.

W. A. LITTLE, attorney-general, and H. G. LEWIS, solicitor-general, by HINES, SHUBRICK & FELDER, contra.