## ROBINSON *v.* THE STATE.

1. In charging the jury on the subject of what is circumstantial evidence it is not error to define direct evidence.
2. When in the trial of a case founded solely on circumstantial evidence the court in its charge to the jury covers in a general way all the rules to be followed in determining cases founded upon circumstantial evidence, if amplification of such rules is desired, written requests therefor should be made.
3. In the trial of one charged with the murder of a female, evidence showing that when the body of the deceased was found it was in such a condition that probably a rape had been committed, is admissible as a circumstance to show the motive which actuated the slayer.
4. In the absence of a written request so to do, it is not error for the trial judge to fail to charge the law of a theory of the case presented solely by the prisoner's statement.
5. The evidence authorized the verdict, and the court did not abuse its discretion in refusing to grant a new trial.

Submitted October 22, — Decided November 6, 1901.

Indictment for murder.　　Before Judge Hart.　　Laurens superior court.　　July term, 1901.

*E. L. Stephens* and *B. B. Blount,* for plaintiff in error.　　*J. M. Terrell, attorney-general,* and *H. G. Lewis, solicitor-general,* contra.

COBB, J.　　The accused was placed on trial, charged with the offense of murder, and upon being convicted was sentenced to death. He made a motion for a new trial, which was overruled, and he excepted.

1. The court in its charge to the jury gave the definition of direct evidence.　It is alleged that this was error and was calculated to mislead the jury, inasmuch as the case was one depending entirely upon circumstantial evidence.　It is almost impossible to explain to a jury what is circumstantial evidence without at the same time explaining what is direct evidence.　In this way only can the difference between the two classes of evidence be distinctly impressed upon the minds of the jury.　Upon an examination of the judge's

charge it is apparent that he used the definition of direct evidence for the purpose above indicated, and there was no error in so doing.

2. Complaint is made that the court failed to fully explain to the jury the rules they were to be governed by in a case founded solely on circumstantial evidence. While the charge is not as full as it might have been in reference to the rules governing in cases of circumstantial evidence, still it referred in a general way to such rules, and, when taken as a whole, we can not say that there was anything therein which was calculated to mislead the jury. Its effect could not have been otherwise than to inform the jury that the circumstances relied on for conviction must not only be of a character to show beyond a reasonable doubt the connection of the accused with the perpetration of the crime charged, but they must also be of such a character as to exclude every other reasonable hypothesis. If any fuller explanation of the rules of circumstantial evidence had been desired, a request in writing should have been made to that effect. See *Smith* v. *Mfg. Co.*, 112 *Ga.* 680 (2).

3. Error is assigned upon the admission of testimony showing the condition in which the body of the deceased (a female) was when found, such condition indicating that probably a rape had been committed. The objection to this testimony was that it was irrelevant, as the accused was not charged with rape. The evidence was not inadmissible for the reason assigned, or for any other reason. It was properly admitted as a circumstance to show the motive which prompted the slayer.

4. Error is further assigned upon the failure of the judge to charge the jury on a theory of the case arising solely from the prisoner's statement. It has been repeatedly held that, in the absence of an appropriate written request, it is not error to fail to charge the law of a theory of the case which has for its foundation only the statement of the accused. *Baker* v. *State*, 111 *Ga.* 141, 143, and cases cited; *Ragland* v. *State*, Id. 211; *Gay* v. *State*, Id. 649, and cases cited.

5. The evidence, though entirely circumstantial, was sufficient to authorize the verdict, and the discretion of the trial judge in refusing to grant a new trial will not be controlled.

*Judgment affirmed. All the Justices concurring.*