## COHEN *v.* THE STATE.

The jury in the trial of one who is charged with murder, if they find the accused guilty, are invested by law with the power of fixing the punishment, by recommendation to life imprisonment.　Whether they will so recommend or not is a matter solely in their discretion, which is not limited or confined in any case.　Accordingly, where the jury were instructed that they had such right, full and untrammelled, but in the same connection they were also instructed that the law allows such recommendation in cases where they think there are circumstances of mitigation, and in cases where the circumstances soften the crime, and where in their judgment they do not think the death penalty ought to be inflicted, a verdict of guilty without a recommendation must be set aside, because it is possible that the jury may not have fully understood the extent of their power as defined by the law.

Argued October 22,—Decided November 13, 1902.

Indictment for murder.　Before Judge Barrow.　Chatham superior court.　September 4, 1902.

*W. F. Slater,* for plaintiff in error.　*Boykin Wright, attorney-general,* and *W. W. Osborne, solicitor-general,* contra.

116　573
Case 2
119　426

116　573
Case 2
e129　424

LITTLE, J. Cohen was indicted for murder; was tried and found guilty. He submitted a motion for a new trial, on the grounds that the verdict was contrary to the law and against the principles of justice and equity, and because the court erred in certain instructions to the jury, which are specified. The motion was overruled, and he excepted. In relation to the general grounds of the motion, it is sufficient to say that the evidence showed the homicide to have been murder without any excuse, and unaccompanied with any circumstances of mitigation. The special grounds of the motion are that the court erred in charging the jury as follows: "The punishment for murder is death, but there are cases in which the law allows the jury, where they think that there are circumstances of mitigation — if it is a case in which the extreme penalty ought not to be inflicted — to recommend that the defendant be imprisoned in the penitentiary for life;" and again, after charging and explaining the meaning and scope of section 63 of the Penal Code, that he erred in charging as follows: "That, you see, gentlemen, was intended to confer upon jurors the power, in cases where the circumstances soften the crime — where, in their judgment, they don't think the full penalty ought to be inflicted — to recommend that the defendant be punished by imprisonment in the penitentiary for life. It is for the jury to say whether they will make that recommendation or not in this case." The judge, in his order overruling the motion for a new trial, said: "It is true, as stated in the motion, that the court charged the jury that where they think there are circumstances of mitigation they can recommend that the punishment be reduced from death to imprisonment for life; but it is also true that this is not all that was said in that immediate connection with regard to the power of the jury to make this recommendation and their reasons for it. The jury had their attention called, three separate and distinct times in the charge, to the fact that they had the right to reduce the punishment from death to imprisonment for life, and in each case they were told that they had that power, without circumscribing them to mitigating circumstances or any other circumstances." This language of the order is not, as we understand it, to be taken as varying the approval of the grounds of the motion, which is entered in the following language: "The recitals of fact in the above motion are approved as true and correct." But we understand, from the order overruling

the motion, that, while the grounds therein stated are approved.as correct, the judge directs attention to the fact that the charge, in addition to the extracts taken from it, called the attention of the jury more than one time to the fact that they had the right to reduce the punishment from death to imprisonment for life, and that the power which they so possessed was not circumscribed. So that, in construing the grounds set out in the motion in the light of the order overruling the same, it appears that the judge did instruct the jury as set out in the motion, and also that they had the power to recommend that the accused be imprisoned for life, "without circumscribing them to mitigating circumstances, or any other circumstances;" and so understanding the charge, we proceed to the consideration of the points made.

The charge against the defendant, if made out by the evidence, subjects him either to the loss of life or to perpetual imprisonment. Whether the punishment to be inflicted on him be the one or the other depends, not on the evidence, but on the action of the jury. Of course, the jury must determine the guilt of the accused under the evidence, but after guilt has been determined, the punishment, in the manner named under the law, rests alone with them. Hence, the power and right of the jury to inflict the one or the other punishment should not only not be misunderstood, but their power in this regard should be so clearly explained that an opportunity for a misunderstanding could not be presented. The very able judge who presided on the trial of the case, as appears from his order, instructed the jury that they had this power to recommend, even when there were no mitigating circumstances which appealed to their discretion; but while he did so, he also instructed them that there were cases in which the law allowed them, "where they think there are circumstances of mitigation—if it is a case in which the extreme penalty ought not to be inflicted—to recommend that the defendant be imprisoned" for life. Not only so, but that the law intended "to confer upon jurors the power, in cases where the circumstances soften the crime—where, in their judgment, they don't think the full penalty ought to be inflicted—to recommend that the defendant be punished" by imprisonment for life. Possibly the idea of the judge was, that while the jury had the power, and that power was not circumscribed, the contemplation of the law was that the power would be exercised only when there were mitigat-

ing circumstances, or circumstances which softened the crime to such an extent that the jury believed that the death penalty ought not to be inflicted. While the jury were not impressed with that idea in language similar to that which we have used, yet the fact that the judge charged both propositions may have induced the jury to believe that the power to recommend ought not to be exercised except in a case where there were mitigating circumstances, or circumstances which influenced them to believe that the death penalty ought not to be inflicted. If this be the idea which the jury received, it was a mistaken one, and we are obliged to rule that they were not properly instructed as to their right to recommend, under the law as it is written. Whether it be wise or not, whether the jury ought or ought not to recommend in a clear and palpable case of murder, is not the question. The law in this respect does not at all deal with the duty of the jury in the return of their verdict. It only prescribes the right of the jury, and in effect gives to the jurors trying capital cases, when the evidence shows the guilt of the accused, power to fix the punishment at imprisonment for life, in their discretion, without regard to the circumstances of the case.

The Penal Code, § 63, declares that the punishment of persons convicted of murder shall be death, but may be confinement in the penitentiary for life, "if the jury trying the case shall so recommend." Whether the jury will recommend or not is for them alone to determine. They have a right, under this statute, to recommend that the offender shall be punished by confinement, without regard to the circumstances of the homicide. Whether they ought to recommend is another and distinct question, which appeals alone to them as jurors, and which they must decide without any suggestion from any other source than their own judgment. The power to recommend resting alone in the jury, and that power being confined by law to their discretion alone, any instruction, charge, or suggestion as to the causes for which they could or ought to recommend is error sufficient to set aside a verdict where no recommendation is made. In the case of *Hill* v. *State*, 72 *Ga.* 131, it was ruled that " The code leaves it to the discretion of the jury as to whether they will recommend imprisonment for life in the penitentiary of a person convicted of murder ; they are not limited or circumscribed in any respect whatever; nor does the law prescribe any rule by which the jury may or ought to exercise

this discretion." " Such recommendation [is] in all cases matter of discretion with the jury." *Thomas* v. *State*, 89 *Ga.* 479. " This right [to recommend to mercy] is not restricted in the code to cases of mitigating circumstances, or other particular facts of any given case, but is at the free disposal of the jury in any case," etc. *Johnson* v. *State* (a cattle-stealing case), 58 *Ga.* 491. The solicitor-general insists that, in giving the instructions complained of, the trial judge unquestionably followed the reasoning of this court in the case of *Perry* v. *State*, 102 *Ga.* 365. This is true. The reasoning to which allusion is made was confined to a discussion, not of the power and right of a jury in such a case, but as to what ought to influence them in making a recommendation. Indeed, in that case it was said, on page 379 in the opinion by Lumpkin, P. J., that " This court has frequently decided that the judge can not properly undertake to give to the jury any rules to aid them in reaching a conclusion as to what they should do upon the question of punishment," and the reasoning to which reference has been made was predicated on the proposition, which followed the above statement, that " It by no means follows that the jury should capriciously exercise their power in this respect."

The attorney-general refers us to the case of *Taylor* v. *State*, 105 *Ga.* 781, as authority upon which perhaps the charges complained of may be sustained. An examination of that case, however, will show that the ruling there made will not sustain the charge complained of here. The investigation of the charge there was directed to instructions of the court in particular language to the effect that if the jury were satisfied beyond a reasonable doubt of the guilt of the defendant, and *did not desire* that he should suffer the death penalty, the form of their verdict would be, etc.; and " If the jury find that the evidence establishes beyond a reasonable doubt that the defendant is guilty of the offense of murder, and *do not desire* to reduce his punishment to imprisonment in the penitentiary for life, but *do desire* that he should suffer the death penalty, the form of your verdict would be," etc. In our ruling on this charge we said: " It is possible that there may be better words to use in this connection than to say that the reduction of the punishment is to be governed by the wishes of the jury in that regard. . . Yet, after all, as the whole matter— the recommendation as well as the refusal to recommend — is in the power and discretion of the jury,

and, when exercised, no tribunal can review or call in question the exercise of that discretion, it is a matter which the wishes of the jury must determine." It has not come to our attention that, under the provisions of our code giving to a jury the power to recommend, this court has ever sustained a charge which either limited this power, or which, when fairly construed, might convey to the jury the idea that the power should not be exercised except in a. particular class of cases. On the contrary, this court has frequently ruled that the jury must be left free in all cases to exercise that power, uninfluenced by any suggestion or direction of the judge. Understanding, as we do, that while the jury in the present case was instructed that the matter of recommendation rested alone with them, they were also told that the law allowed that recommendation in cases of a certain character, and in cases where in the judgment of the jury the death penalty should not be inflicted, we are constrained to rule, notwithstanding the evidence in this case clearly warranted the verdict of guilty, that from the charge taken as a whole the jury could have understood that the exercise of their power to recommend should be had only in a given class of cases. In reference to whether this ought or ought not to be the law we have nothing to say. But, as the statute, according to our interpretation, leaves the matter of recommendation entirely with the jury, and in their discretion alone, any instruction which tends to qualify this right, or to point out the manner of its exercise, is cause for setting aside a verdict where no recommendation has been made.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*