### RUCKER v. THE STATE.

ATKINSON, J. 1. Where a person was on trial under an indictment for murder, a correct charge on the law of manslaughter, even though not authorized by the evidence, would not be cause for the grant of a new trial, where the defendant was convicted of the higher offense of murder. *Golatt* v. *State,* 130 *Ga.* 18 (60 S. E. 107); *Joiner* v. *State,* 129 *Ga.* 295 (58 S. E. 859).

2. Certain portions of the charge excepted to on the ground that they were confusing and not clear, explicit, and correct statements of the law, while in a sense somewhat confused, were not of such character as to require the grant of a new trial.

3. On the trial the accused put his character for peaceableness in issue; and it was competent for the State, on cross-examination of a witness introduced by the accused and testifying to his character for peaceableness, to elicit from the witness that the accused had at a given time and place engaged in a difficulty with a named party, and on that occasion had shot him.

4. While in a proper case, on a trial of one indicted for murder, sections 70, 71, and 73 of the Penal Code may all three be given in charge, yet instructions as to the separate branches of the law of justifiable homicide should not be so given as to confuse the different defenses which may arise under those sections, and apparently to limit, by the terms of section 73, the defenses provided by sections 70 and 71. *Pryer* v. *State,* 128 *Ga.* 28 (57 S. E. 93). In the case now under consideration the Justices are evenly divided as to whether the charge confuses the different defenses referred to and so applies section 73 as to cause it apparently to limit sections 70 and 71; and upon the exceptions to the charge as embraced in the ninth and eleventh amended grounds of the motion for new trial, the judgment will be affirmed by operation of law.

5. The evidence was sufficient to support the verdict.

*Judgment affirmed.*

NOVEMBER 18, 1910.

Indictment for murder. Before Judge Meadow. Franklin superior court. June 14, 1910.

*W. R. Little* and *A. G. & Julian McCurry,* for plaintiff in error.

*H. A. Hall,* attorney-general, *Clifford Walker,* solicitor-general, and *J. H. Skelton,* contra.