## GLASCO *v.* THE STATE.

ATKINSON, J. 1. A ground of a motion for new trial complaining of the admission of evidence, which fails to disclose that the objection taken thereto was urged before the trial court at the time of the ruling complained of, is not sufficient.

2. Generally, when part of a conversation has been introduced in evidence, the rest of it so far as relevant may be brought out by the opposite party on cross-examination of the witness. *Cox* v. *State,* 64 *Ga.* 374 (8), 376 (37 Am. R. 76); *Betts* v. *State,* 66 *Ga.* 5.

3. Where after the State had closed its case, the judge permitted an additional witness to be sworn in behalf of the State, before argument had begun, and where it does not appear that the accused was deprived of the right to meet the testimony of such witness, such action upon the part of the judge was not sufficient to require the grant of a new trial merely because such testimony was not in rebuttal of any evidence submitted in behalf of the accused. The reopening of the case

is in the sound discretion of the trial judge, and it will not be interfered with unless abused.

4. Where a person was on trial under an indictment for murder, a correct charge on the law of manslaughter, even if not authorized by the evidence, is not cause for the grant of a new trial, where the accused was convicted of the higher offense. *Rucker* v. *State*, 135 *Ga.* 391 (69 S. E. 541), and cases cited.

5. One of the grounds of the amended motion for new trial, assigning error upon an instruction of the court, was expressly abandoned in the brief of counsel for plaintiff in error, and the only remaining one not disposed of by the preceding notes was not approved by the judge.

6. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*
JANUARY 9, 1912.

Indictment for murder. Before Judge Martin. Laurens superior court. October 6, 1911.

*R. Earl Camp,* for plaintiff in error. *T. S. Felder, attorney-general,* and *E. D. Graham, solicitor-general,* contra.