## 9898.   BRINSON v. THE STATE.

1. As to the alleged dying declaration, the exceptions are without merit.
2. The charge of the court on voluntary manslaughter was authorized by
   evidence.
3. The instructions consisting of provisions of the code as to criminal
   intent could not have harmed the accused.
4. The omission of instructions on a theory presented only by the de-
   fendant's statement at the trial, where there is no written request
   for such instructions, is not cause for a new trial.
5. The verdict is supported by evidence.

> DECIDED OCTOBER 14, 1918.

Indictment for murder—conviction of voluntary manslaughter; from Glascock superior court—Judge Walker. May 23, 1918.

*M. L. Felts, E. B. Rogers,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra. ·

BLOODWORTH, J. 1. The first ground of the amendment to the motion for new trial assigns error on the admission in evidence of an alleged dying declaration of the deceased, (1) because it was not shown that he was in the article of death and conscious of his condition; (2) because it contained testimony showing other than the cause of death and who killed him; (3) because the declaration was made in response to questions asked the deceased.

(a) On preliminary examination, the witness by whom the dying declaration was proved testified: "He said he was going to die, he couldn't live. He says, 'My entrails are shot out and I can't live. I am going to die.' " This was about three o'clock a. m., and the deceased died before day. This was sufficient foundation to make a prima facie case. *Davis* v. *State,* 120 *Ga.* 843 (3), 845 (48 S. E. 305); *Jefferson* v. *State,* 137 *Ga.* 382 (3), 385 (73 S. E. 499); *Josey* v. *State,* 137 *Ga.* 769, 772 (74 S. E. 282), and cases cited.

(b) The assignment of error which alleged that "the statements [of the deceased] contained testimony showing other than the cause of death and the person who killed him" is without merit. "Where an objection goes to the testimony as a whole, and part of the testimony is admissible, the objection may without error be overruled, though a part of the testimony be inadmissible." *Brown* v. *State,* 8 *Ga. App.* 382 (3), 385 (69 S. E. 45).

(c) There is no merit in the assignment of error which alleges that the declaration was made in response to questions asked deceased. "The admissibility of dying statements attributed to a deceased person is not affected by the fact that the statements may have been elicited in response to questions· put to him by a ·bystander." *Smith* v. *State,* 9 *Ga. App.* 403 (3), 405 (71 S. E. 606).

2. The trial judge did not err in charging the· jury on voluntary manslaughter. The defendant's statement showed that the deceased came in the house with a quart bottle of kerosene, drawn back in his hand, and slapped her, and said, "You get in the house, don't I'll kill you." *Weldon* v. *State,* 21 *Ga.· App.* 330 (94 S. E. 327 (h)); *Tanner* v. *State,* 21 *Ga. App.* 189 (94 S. ·E. 67), ·and cases cited in opinion. ·

3. The excerpt from the charge of the court, complained of in the 3d ground of the amendment to the motion for a new trial, is a literal quotation of sections 31, 32, and 40 of the Penal Code (1910), preceded by the words, "Under her defense I charge you that." Under the facts of the case the giving of this charge to the jury could not have been harmful to the defendant. Indeed, the statement of the defendant justified the judge in giving this charge.

4. Grounds 4 and 5 are without merit. "In the absence of a written request so to do, it is not error for the trial judge to fail to charge the law of a theory of the case presented solely by the prisoner's statement." *Robinson* v. *State*, 114 *Ga.* 56 (4), 57 (39 S. E. 862).

5. There was sufficient evidence to support the verdict, which has the approval of the trial judge.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*