## CREWS *v.* THE STATE.

No. 11787.   MAY 18, 1937.

*Herbert W. Wilson* and *Harry M. Wilson,* for plaintiff in error.
*M. J. Yeomans, attorney-general, John S. Gibson, solicitor-general, E. G. Arnall, E. J. Clower, D. M. Parker,* and *E. O. Blalock,* contra.

BELL, Justice.   The defendant was convicted of murder in the alleged killing of his wife by shooting her with a pistol.   His motion for a new trial was overruled, and he excepted.   The evidence for the State tended to show that within a few hours after the

shooting the defendant stated to several persons separately, in substance, that his wife had declared that she had rather be dead than to see him go to the chain-gang for an offense with which he was at the time charged, and that he killed her because she requested him to do so. The defendant contended that his wife had made repeated threats to kill herself, and that he had endeavored to prevent her from having access to a pistol which he owned; but that she finally snatched a pistol from his hip-pocket and shot herself before he could get it away from her. The motion for new trial contained the general grounds and three special grounds added by amendment.

■ In the first special ground the movant assigned error upon a portion of the court's charge relating to voluntary manslaughter, the contention being that the charge was not warranted by the evidence. There is no merit in this ground. A correct charge on the law of manslaughter, even if not authorized by the evidence, is not cause for a new trial where the defendant is convicted of the offense of murder. *Rucker* v. *State,* 135 *Ga.* 391 (69 S. E. 541).

■ The movant assigned error on the failure of the court to instruct the jury regarding the defendant's contention that he had taken veronal tablets before making the confessions and admissions as to killing his wife, and that because of the hypnotic influence of these tablets he was not responsible at the time of making such statements, and had no knowledge of having made them. This contention being presented solely by the defendant's statement as made upon the trial, and there being no request to charge, the failure of the court to instruct the jury concerning such contention was not erroneous. *Hunter* v. *State,* 133 *Ga.* 78 (6) (65 S. E. 154); *Thomas* v. *State,* 181 *Ga.* 422 (182 S. E. 501).

■ The court did not err, as contended, in excluding evidence to the effect that on the day before the shooting the defendant had endeavored to sell a pistol to several persons at different times and places. The evidence did not relate to any matter which constituted a part of the res gestæ, and was objectionable as tending to show declarations which were merely self-serving. *Sullivan* v. *State,* 101 *Ga.* 800 (2) (29 S. E. 16); *Dixon* v. *State,* 116 *Ga.* 186 (2) (42 S. E. 357); *Surles* v. *State,* 89 *Ga.* 167 (15 S. E. 38); *Taylor* v. *State,* 121 *Ga.* 348 (4) (49 S. E. 303); *Sasser* v.

*State,* 129 *Ga.* 541 (9) (59 S. E. 255); *Whitaker* v. *State,* 159 *Ga.* 787 (127 S. E. 106).

■ The evidence authorized the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*