## LEARY v. THE STATE.

ATKINSON, Presiding Justice. 1. "Where on the trial of one accused of murder the court erroneously states to the jury that the accused admits that the deceased came to her death by being shot by a pistol in his hands, thereby excluding one theory of defense presented by the prisoner's statement, error is committed requiring the grant of a new trial." *Garland* v. *State,* 124 *Ga.* 832 (2) (53 S. E. 314); *Smiley* v. *State,* 156 *Ga.* 60 (7a) (118 S. E. 713).

(a) Accordingly, where in his statement before the jury, not under oath, the defendant stated: "He [the person slain] didn't have but one arm and . . he said, 'Let me sell you a pistol,' and I said, 'No, I don't need no pistol. . .' He shot the pistol twice and went to put two more bullets in it and it went off and he fell and I tried to pull him back up and after I couldn't pull him up I hollered to Amy and told them he had shot himself and I went on over to Mr. Smith's and told them I had shot him. . . I didn't try to make a escape at all because what I did was done accidentally; it was not done a purpose at all," it was erroneous for the judge, on the basis of this statement, to instruct the jury: "The defendant, by his statement, admits that the deceased was killed by a pistol that was in his, the defendant's, hands, but he denies that the killing was murder in that he contends that it was unintentional," because the defendant did not state "that the deceased was killed by a pistol that was in his, the defendant's, hands;" and such charge excluded from consideration of the jury the other theory of defense set forth in the defendant's statement that the deceased was shot accidentally by himself. While the judge, in the absence of a request, is not required to charge a theory of defense based solely on the defendant's statement before the jury, where he does so charge on the basis of a statement the charge should correctly state the contentions of the defendant.

(b) The case differs from *Robinson* v. *State,* 114 *Ga.* 56 (4) (39 S. E. 862); *Dunn* v. *State,* 116 *Ga.* 515 (2) (42 S. E. 772); *Smith* v. *State,*

117 *Ga.* 259 (43 S. E. 703); *Lyles* v. *State*, 130 *Ga.* 294 (6) (60 S. E. 578); and *Lumpkin* v. *State*, 152 *Ga.* 229 (5) (109 S. E. 664), in which the facts were not the same and no charge was given erroneously stating the contentions of the defendant, as made in his statement before the jury.        *Judgment reversed. All the Justices concur.*

No. 12599. JANUARY 11, 1939.

*A. M. Zellner* and *W. B. Mitchell,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Frank B. Willingham, solicitor-general, E. J. Clower,* and *H. E. Smith,* contra.