## LAMAR *v*. THE STATE.

No. 15049.   JANUARY 6, 1945.   REHEARING DENIED FEBRUARY 17, 1945.

*S. G. Jones,* for plaintiff in error.

*T. Grady Head,* attorney-general, *Charles H. Garrett,* solicitor-general, and *Victor Davidson,* assistant attorney-general, contra.

WYATT, Justice. The plaintiff in error did not enter a formal plea of not guilty, but by direction of the court the plea was entered by the solicitor-general. No question is raised as to the correctness of this procedure. It will be noted that counsel for the defendant in the court below said, "At this point the defendant offers to make a statement in which he will make a full and plenary confession of the guilt of the crime charged," and thereupon objected to the State offering any testimony as to the defendant's guilt. Thereafter he entered into a stipulation containing all the facts necessary to constitute the crime charged. The stipulation, among other

things, contained the language, "We ask for the privilege of allowing the defendant to make a statement about the matter, which will be a full and plenary confession of guilt;" and the further language, "it being the desire of counsel to submit this case to the jury purely on the question of punishment." Thereafter the defendant in his statement to the jury did make a full and plenary confession of his guilt. He ended his statement with this language, "I am begging you twelve good white men to let me live and pay for what I did with a sentence for life in the penitentiary."

The punishment for murder is death unless the jury recommends mercy, in which case the punishment is confinement in the penitentiary for life. Code, § 26-1005. "The jury may, without any reason except their own wish, spare the life of one who is convicted of a capital felony." *Barfield* v. *State,* 179 *Ga.* 293, 297 (175 S. E. 582); *Hill* v. *State,* 72 *Ga.* 131; *Thomas* v. *State,* 89 *Ga.* 479 (15 S. E. 537); *Taylor* v. *State,* 105 *Ga.* 746, 781 (31 S. E. 764); *Hackett* v. *State,* 108 *Ga.* 40 (2) (33 S. E. 842); *McCrary* v. *State,* 137 *Ga.* 784 (4) (74 S. E. 536).

We hold that under all of the circumstances of the instant case, the only question submitted to the jury by the defendant in the court below was whether his punishment should be death or life imprisonment. He admitted the crime and asked for nothing better than life imprisonment. He stipulated the facts in order to prevent the personal appearance of the witnesses against him, and therein expressed his desire to go to the jury on the question of punishment only. He was, therefore, entitled to have the question he made, to wit, death or life imprisonment, submitted to the jury. No exception was taken to the charge on murder or malice, nor is it contended that the law on the question of punishment was not correctly given.

This court in *Manchester* v. *State,* 171 *Ga.* 121 (2) (155 S. E. 11), said: "Where the solicitor-general declines the offer of one indicted for murder to plead guilty on the condition that the accused shall receive a recommendation of mercy and a life sentence, it is incumbent upon the State, in the absence of a confession containing a plenary admission of guilt, to prove all the essential facts in support of the allegations of the indictment. It was therefore not error, upon announcement of counsel that the defendant 'stands mute on arraignment, and at the proper time he will make

his confession and ask the jury to recommend him to the mercy of the court,' for the judge to require the State to prove every essential allegation in the indictment and to instruct the jury on the issue of the defendant's guilt, the law of murder, presumption of innocence, malice, deliberation, and the defendant's statement."

In the instant case there was "a confession containing a plenary admission of guilt." It follows that there is no merit in any of the contentions made by the plaintiff in error, and there was no error in overruling his motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ATKINSON, Justice, concurring specially. Inasmuch as there is no evidence in the record which tends to establish any justification for the homicide, and nothing appears therein to indicate that the accused was not competent to commit a crime, I concur in the judgment.