## TEASLEY *v.* THE STATE.

BELL, Justice. 1. Where on the trial of one indicted for murder, a witness testified that he had talked to the·defendant "in jail, he sent for me one day and wanted to talk to me. He made a statement to me that he was drinking a little bit, and he said he wouldn't have done that if he hadn't been drinking," but testified to nothing else that would more clearly indicate the meaning of the statement, "he wouldn't have done that," and the defendant in his statement on the trial denied the killing—*Held,* that the evidence as stated above was insufficient to authorize a finding that the defendant admitted killing the deceased, and there being no other evidence of such an admission, it was error for the judge in his charge to the jury to submit to them as an issue of fact whether the defendant admitted the killing of the deceased with a deadly weapon as charged. and to instruct them that if they found the defendant did make such an admission, without any explanation. showing excuse, alleviation, or justification tending to reduce the grade of homicide, then the law would presume the homicide to be malicious, and the burden would be upon the defendant to justify his action under some rule of law showing excuse. alleviation, or justification, to the satisfaction of the jury. *Powers* v. *State,* 172 *Ga.* 1 (30), 12 (157 S. E. 195); *Allen* v. *State,* 187 *Ga.* 178 (3) (200 S. E. 109, 120 A. L. R. 495); *Leary* v. *State,* 187 *Ga.* 445 (200 S. E. 779); *Edmonds* v. *State,* 201 *Ga.* 108 (39 S. E. 2d, 24); *Pressley* v. *State,* 201 *Ga.* 267 (39 S. E. 2d, 478).

(*a*) Under the ruling made above. grounds 4 and 5 of the motion for new trial as amended, complaining of an excerpt from the charge, were meritorious, and should have been sustained.

(*b*) There was no merit in grounds 6 and 7, complaining of the same excerpt, but for different reasons.

2. The court did not err, as contended in ground 8, in excluding the following testimony of the sheriff, who was sworn as a witness for the defendant: "McKinley Teasley came to me for protection sometime

about, I'd say about a week before this (referring to the time the deceased was killed) McKinley Teasley asked me for protection against Crawford Lyles and Lus Wells and Claud Gray. He told me these parties were threatening him." This evidence, if admitted, would have introduced self-serving statements of the defendant, and for this reason was objectionable and inadmissible. *Dixon* v. *State*, 116 *Ga.* 186 (2) (42 S. E. 357); *Ware* v. *State*, 139 *Ga.* 109 (76 S. E. 857); *Pope* v. *State*, 42 *Ga. App.* 680 (6) (157 S. E. 211).

3. A request to charge must be correct, even perfect; otherwise the refusal to give it will not be cause for a new trial. It must be legal, and precisely adjusted to some principle of law involved in the case. *Etheridge* v. *Hobbs*, 77 *Ga.* 531 (4) (3 S. E. 251); *Lewis* v. *State*, 196 *Ga.* 755 (3), 760 (27 S. E. 2d, 659); *Grant* v. *Hart*, 197 *Ga.* 662 (5), 676 (30 S. E. 2d, 271); *Smithwick* v. *State*, 199 *Ga.* 292 (6) (34 S. E. 2d, 28); *Rogers* v. *Manning*, 200 *Ga.* 844 (2) (38 S. E. 2d, 724). Under this rule, the court did not err in refusing to give to the jury the requested charge on unintentional killing, as set forth in ground 9, since the charge by its terms would have excluded all issue as to whether it satisfactorily appeared that "there was no evil design, or intention, or culpable neglect." Code, § 26-404; *Griffin* v. *State*, 183 *Ga.* 775, 783 (190 S. E. 2).

4. Nor, under the principles stated in the preceding paragraph, was it error to refuse to give the charge set forth in ground 10, since the charge as requested was so fragmentary and incomplete that it did not constitute a perfect charge on any grade of homicide. *Tanner* v. *State*, 161 *Ga.* 193 (13), 198 (130 S. E. 64).

(a) Considered as a request to charge on voluntary manslaughter, which is the only grade that is mentioned. it was incomplete and incorrect, for the reasons (if not also for others) that it made no reference whatever to excluding deliberation, malice, and revenge, and that it did not undertake to state the kind of passion that must exist in order to reduce the homicide. Code, § 26-1007; *Rentfrow* v. *State*, 123 *Ga.* 539 (2), 541 (51 S. E. 596); *Pyle* v. *State*, 187 *Ga.* 156 (4), 160 (200 S. E. 667).

5. For the reason indicated in paragraph 1, supra, relating to grounds 4 and 5, the court erred in overruling the motion for a new trial. No ruling is made as to the sufficiency of the evidence to support the verdict.          *Judgment reversed. All the Justices concur.*

No. 15807. JUNE 10, 1947.

*Joseph D. Quillian* and *James W. Arnold,* for plaintiff in error.
*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General,* and *Henry N. Payton,* contra.