19131.  JENNINGS *v.* THE STATE.

Argued October 10, 1955—Decided November 14, 1955.

*Abit Nix, Joseph J. Gaines, Armond O. Parks,* for plaintiff in error.

*D. M. Pollock, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

Almand, Justice.  Upon an indictment charging him with the murder of Mary Ransome, the plaintiff in error, Joe Milton Jennings, was found guilty without a recommendation, and sentenced to death by electrocution.  His motion for a new trial on the general and special grounds was overruled, and he assigns error on the order denying this motion.

The first two special grounds of the motion assign error on the following instructions: "Now, as to one of the forms of the verdict I have given you, if you should find the defendant guilty, the form of your verdict would be—We, the jury, find the defendant guilty.  The law gives the jury the right, for any reason satisfactory to the jury, to find the defendant guilty of murder, if you think that is the right verdict, and add to that verdict— But we recommend life imprisonment, so the form of your verdict then would be—We, the jury, find the defendant guilty and recommend that he be punished by life imprisonment.  And should that be your verdict the court would impose a sentence of life imprisonment.  But if your verdict is simply 'We, the jury, find the defendant guilty,' the penalty would be death."  It is asserted that the charge given was confusing and misleading, in that it gave the jury the right to find the defendant guilty of murder for any reason satisfactory to them, and in effect set up a new stand-

ard for ascertaining the guilt of the accused which the law does not recognize.

We are of the opinion that this complaint is meritorious, and demands the grant of a new trial. After charging the jury that, before they could find the defendant guilty, they must be satisfied of his guilt beyond a reasonable doubt, and in such event the form of their verdict would be, "We, the jury, find the defendant guilty," the court thereafter, in the charge complained of, instructed the jury that they had the right, "for any reason satisfactory to the jury, to find the defendant guilty of murder", and add to their verdict a recommendation of life imprisonment.

Counsel for the State urge that this was only a verbal inaccuracy, and that the jury could not have been misled by such charge. A jury composed of lawyers or judges might have been able to understand the meaning of the charge, but a jury composed of laymen not versed in the law, and who are required to take the law from the court, were instructed that they could recommend life imprisonment only in the event they found the defendant guilty of murder for any reason satisfactory to them. The law leaves to the discretion of the jury whether they will recommend life imprisonment, and does not prescribe any rule by which they may exercise this discretion, and any instruction which tends to qualify this right, or points to the manner of its exercise, is cause for setting aside a verdict where no recommendation is made. *Hill v. State*, 72 *Ga.* 131; *Cohen v. State*, 116 *Ga.* 573 (42 S. E. 781). The better practice is for the trial court to call the attention of the jury to the law and merely state that they may add to the verdict of guilty a recommendation that the defendant be imprisoned in the penitentiary for life. *Inman v. State*, 72 *Ga.* 269 (6).

■ The remaining special grounds complain of the court's instructions as to malice and the existence or lack of existence of a motive for the killing. This charge is a substantial reproduction of the one approved as correct in *Davis v. State*, 74 *Ga.* 869 (4), and was not erroneous for any reason assigned.

■ The evidence fully authorized the verdict.

*Judgment reversed. All the Justices concur.*