22933.   WYATT v. THE STATE.

ARGUED APRIL 13, 1965—DECIDED APRIL 20, 1965—
REHEARING DENIED MAY 6, 1965.

*Fite & Thompson, J. Roger Thompson,* for plaintiff in error. *William T. Boyd, Solicitor General, Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Carter Goode, Paul Ginsberg, Eugene Cook, Attorney General, J. R. Parham, Assistant Attorney General,* contra.

DUCKWORTH, Chief Justice. None of the headnotes requires elaboration except 4. By a long line of full bench decisions, including *Johnson v. State,* 58 Ga. 491; *Hill v. State,* 72 Ga. 131; *Barfield v. State,* 179 Ga. 293 (175 SE 582); and *Jennings v. State,* 212 Ga. 58 (90 SE2d 401), this court is committed to a construction of *Code* § 26-1005, which leaves to the jury an unlimited power to recommend mercy with or without reason, even arbitrarily, and that it is reversible error for the judge to require the jury to consider anything in reaching its conclusion as to whether or not it will make such recommendations. There are, scattered among such decisions, many cases where the judge did restrict the jury to the evidence and circumstances, and the conviction was affirmed. But we find that the decision in the *Johnson* case, supra, being by a full bench, condemns any and all limitations upon the jury in that regard, and being the older is controlling. If allowed to construe the section in the absence of any prior decision construing it, the writer would construe it in the light of what it deals with. It deals with criminal law and must conform with the constitutional mandate of equal protection. I would recognize that to give each jury the arbitrary power to recommend as it chooses without regard to any fact or circumstances would deny all persons so tried of equal protection because the same jury could, in one case, recommend mercy and, in another case, factually identical, refuse to rec-

ommend mercy. The life of the one is spared while the life of the other is forfeited in identical situations. I believe the statute's provision was made in the light of the sole function of a jury, which is, to make a judgment on evidence. Therefore, the legislature intended that the jury's action be dictated by what it thought of the evidence. Had it wanted to empower a jury in this one isolated instance to act arbitrarily in performing its duty, it could and we believe it would have said so. Not having done this I think it wrong for the courts to judicially empower the jury to thus depart from its single duty of returning a verdict based upon the evidence.

The writer would agree to overrule all decisions holding to the contrary if all the Justices would concur, but lacking that concurrence, there is no choice but to follow them. I am authorized to state that Mr. Justice Candler agrees with all that the writer has written above. However, until overruled, the cited binding decisions require a reversal because of the charge.

*Judgment reversed. All the Justices concur.*