23183, 23184.   BRAWNER v. THE STATE.

ARGUED NOVEMBER 8, 1965—DECIDED JANUARY 7, 1966—
REHEARING DENIED JANUARY 18, 1966.

*William A. Orr,* for appellant.

*Clete D. Johnson, Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.

MOBLEY, Justice. ■ In case No. 23183 in which a notice of appeal was filed the enumeration of errors was not timely, being filed 19 days after the case was docketed in this court. Hence, the appeal must be dismissed. We thus pass upon the case as presented by the bill of exceptions. This necessitates a consideration of the grounds of the motion for new trial.

■ Grounds 1 and 2 complain of the trial judge's charges on voluntary and involuntary manslaughter. It is contended that such charges were not applicable to the facts of the case. It is well settled that: "where a person was on trial under an indictment for murder, a correct charge on the law of manslaughter, even though not authorized by the evidence, would not be cause for the grant of a new trial, where the defendant was convicted of the higher offense of murder." *Rucker v. State,* 135 Ga. 391 (1) (69 SE 541); *Crews v. State,* 184 Ga. 443 (1) (191 SE 427).

Moreover, the facts do show that the charges on manslaughter were applicable. In fact, counsel for the accused stated: "It is our contention that there is involved in the case, and it being a question for the jury to decide, either voluntary manslaughter or involuntary manslaughter in the commission of an unlawful act."

The grounds are without merit.

■ Ground 3 complains that the trial judge, without request, failed to charge on "misfortune or accident." It is urged that such issue was raised by the accused's unsworn statement.

"In the absence of a written request so to do, it is not error for the trial judge to fail to charge the law of a theory of the case presented solely by the prisoner's statement." *Robinson v. State,* 114 Ga. 56 (4) (39 SE 862) ; *Holleman v. State,* 171 Ga. 200 (3) (154 SE 906).

This ground is without merit.

■ Ground 4 complains that the trial judge should have charged, without request, the law of justifiable homicide. Regardless of whether this issue was raised by the evidence, the record shows that counsel for the accused gave the following answers to questions propounded by the trial judge: "Q. Is it your contention, Mr. Orr, that justifiable homicide is not involved in this case? A. Yes sir. Q. Will you stipulate that fact? A. Yes sir. . ."

No merit appears in this ground. *Coleman v. State,* 141 Ga. 737 (4) (82 SE 227) ; *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653) ; *Weaver v. State,* 68 Ga. App. 51 (21 SE2d 920).

■ Ground 5 takes exception to the following charge: "If you find the defendant guilty and recommend him to the mercy of the court, you indicate such recommendation in your verdict. You may make a recommendation of mercy to the court with or without reason. You may do that just as a matter of grace on your part or matter of forgiveness on your part. You don't have to have any reason. If you do have a reason it is all right and if you don't have a reason you can do it anyway. In such event the form of your verdict would be, 'We, the jury, find the defendant, Curtis Brawner, guilty and recommend him to the mercy of the court.' " Counsel for the defendant urges that the charge was confusing and misleading to the jury; that it

amounted to an expression of opinion by the judge; that it confined the jury to grace or forgiveness in determining whether they would grant mercy; that it was incorrect as an abstract principle of law.

While this court has held that the jury has unlimited power to recommend mercy and that it is reversible error for the judge to require the jury to consider anything in reaching its conclusion as to whether or not it will recommend mercy (*Wyatt v. State*, 220 Ga. 867 (142 SE2d 810)), and cases therein cited, an entirely different situation exists in this case. Here, the judge prefaced his instructions by charging, "You may make a recommendation of mercy to the court with or without reason." Then, after charging as to "grace or forgiveness" the judge further explained that to the jury: "You don't have to have any reason [to recommend mercy]. If you do have a reason it is all right and if you don't have a reason you can do it anyway." Thus, the charge as a whole did not limit the jury in any manner, but correctly left it solely for it to determine whether to grant or withhold mercy. Furthermore, the language used would be beneficial to the defendant rather than harmful.

The ground is without merit.

■ In ground 6 of the amended motion complaint is made as to the trial court's charge on admissions and incriminatory statements. It is argued that since the written confession was withdrawn by the solicitor general and such evidence constituted the highest and best evidence of any confession or admission, the oral testimony was a nullity; hence, there was no evidence to support the charge.

We can not agree with this contention; for, the parol testimony, especially since it was not objected to or any motion made to strike it, was not a nullity but was competent. With such evidence in the case as to the defendant's admissions, it was not error to charge the law applicable to that issue.

■ Ground 7 is that the court erred in admitting evidence as to a statement made by the deceased to a witness: "Call the law." It is contended that such statement was hearsay.

The record shows that the deceased spoke to the witness just moments before the fatal shooting and within a short distance

of the accused. It was admissible as part of the res gestae. *Thomas v. State*, 67 Ga. 460 (3); *Clarke v. State*, 221 Ga. 206 (144 SE2d 90).

■ The eighth ground complains that a pistol was admitted into evidence over the defendant's objection that it was not sufficiently identified as the weapon used by the defendant on the day of the homicide.

The evidence, which we think is unnecessary to state in detail, did not definitely identify the weapon as the one in question. However, the defendant admitted he fired the fatal shots from a pistol of the same caliber and since it appears that the killing was with a similar, if not identical, weapon we can not perceive that the introduction of the pistol was, if error, such hurtful error as would require the grant of a new trial.

■ Ground 9 complains of the denial of the defendant's motion for continuance based on the grounds that appointed counsel did not have time to prepare the case; that neither a copy of the indictment nor a list of witnesses was furnished to him. Counsel also complains that the fact the jury list was not given to him until 3 days prior to the trial deprived the defendant of his rights.

The record shows that defendant's attorney made no demand for copy of the indictment; that he was allowed to interview the witnesses and that the jury list had been recently revised. Motions for continuance predicated on the time counsel has for preparation of the case are within the sound discretion of the trial judge, which will not be interfered with unless abused. *Kell v. State*, 188 Ga. 670 (1) (4 SE2d 596); *Porch v. State*, 207 Ga. 645 (1) (63 SE2d 902).

■ Ground 10 asserts that the admission of the defendant's confession was error because at the time it was made he had no counsel. The record shows that the defendant was advised of his right to counsel and declined to avail himself of that right. The defendant was 23 years old, a high school graduate and, apparently, of normal mentality. Under such circumstances, it was not error to admit the confession into evidence.

■ In ground 11 it is contended that the court erred in failing to charge, without request, on mutual combat, because this was a material issue raised by the evidence.

The evidence reveals no semblance of the requisites of mutual combat; hence, it was not error to omit that issue from the instructions to the jury. *Roberts v. State,* 189 Ga. 36, 44 (3) (5 SE2d 340); *Porter v. State,* 213 Ga. 325, 326 (1) (99 SE2d 110).

■ The evidence being in conflict, the general grounds are without merit.

*Judgment affirmed in case No. 23184. All the Justices concur, except Quillian, J., who dissents.*

QUILLIAN, Justice, dissenting. Under authority of *Johnson v. State,* 58 Ga. 491, *Hill v. State,* 72 Ga. 131, *Cohen v. State,* 116 Ga. 573, 576 (42 SE 781), and *Jennings v. State,* 212 Ga. 58, 59 (90 SE2d 401), I am compelled to dissent because in the present case the instruction that the jury might recommend mercy as a matter of forgiveness was an expression of opinion that the defendant was guilty.

Accordingly, I dissent from Division 5 of the opinion and the judgment of affirmance in case No. 23184.