### 24828.   ELDER v. THE STATE.

NICHOLS, Justice.   Ben Elder was convicted of the murder of Anne Cain. A life sentence was imposed in accordance with the jury's recommendation of mercy. The appeal is from such verdict and sentence. The evidence disclosed without dispute that Anne Cain died as a result of a bullet wound in her left temple, that the defendant and the deceased (just prior to the shooting) were together in the kitchen of Anne Cain's home and were engaged in a telephone conversation with a third person, that the defendant was the father of Anne Cain's illegitimate son, that the deceased's grandmother was watching television in an adjoining room and heard the shot. There was also evidence, though not uncontradicted, that the grandmother heard the defendant while talking on the telephone tell someone "when you come to town you better have your smoking pole cause I got mine," and "You are chicken and you are scared," that the defendant continued arguing with someone on the telephone, that it got quiet and the witness looked back into the kitchen and saw the defendant holding the telephone receiver to Anne Cain's

right ear but she was not talking, that the witness again turned her eyes toward the television which she had been watching and heard a shot, that she ran into the kitchen where Anne Cain had already fallen to the floor, that she looked down at her granddaughter and up at the defendant who was standing over the deceased with the gun in his right hand, and that she tried to grab him because she thought he was going to shoot her again. There was also testimony of a police officer (who arrived at the scene shortly after the shooting) that the defendant ran up to him before he could get to the house and told him "carry me on in and lock me up I have shot her," and then later en route to the police car the defendant stated it was an accident.

In making his unsworn statement the defendant admitted the gun was his but said that it was broken and would not fire, that the deceased had the gun for some time and that he was attempting to take the gun from her when it exploded and fired the fatal shot. In his enumerations of error the defendant contends that the trial court erred in giving charges on voluntary and involuntary manslaughter, pointing a gun at another and justifiable homicide as well as contending that the verdict was not authorized by the evidence. *Held:*

The evidence authorized the verdict and it is not necessary to determine if the evidence authorized the instructions on manslaughter, pointing a gun at another and justifiable homicide, for it is well settled that where a person is on trial under an indictment for murder, a correct charge on a lesser crime will not be cause for a new trial where the defendant is convicted for the higher offense of murder. See *Rucker v. State,* 135 Ga. 391 (69 SE 541); *Glasco v. State,* 137 Ga. 336 (4) (73 SE 578); *Brawner v. State,* 221 Ga. 680 (1) (146 SE2d 737).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1968—DECIDED OCTOBER 10, 1968—
REHEARING DENIED NOVEMBER 7, 1968.

*Garland & Garland, Reuben A. Garland,* for appellant.

*George D. Lawrence, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.