## 2839.  HATCHER *v.* THE STATE.

1. The evidence demanded the conviction.

2. There is a manifest difference between the degree of latitude allowed the trial judge as to statements concerning the contents of testimony when the court is ruling merely upon the admissibility of testimony and when statements of a like character are embodied in the charge of the court to the jury. The statement of the judge in the present case, in ruling upon the admissibility of certain testimony offered, plainly had no reference to the weight or effect of such testimony if it had been offered or should thereafter be offered. Where only the admissibility of testi- mony is involved and a ruling is invoked upon that point, it is fre- quently necessary for the presiding judge to state his recollection of some portion of the testimony, in order to make his language such as to convey intelligently to counsel the scope and effect of the court's rul- ing.

DECIDED JANUARY 31, 1911.

Accusation of sale of liquor; from city court of Miller county— Judge Bush. July 2, 1910.

*W. I. Geer,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.

RUSSELL, J.  The defendant was convicted of violating the gen- eral prohibition law. It is unnecessary to say that the evidence· in behalf of the State was amply sufficient to authorize the convic- tion of the defendant; for the general ground of the motion, that the verdict was contrary to the evidence, was practically abandoned

43

here.  The testimony in behalf of the State was evidently accepted by the jury as the truth of the case, and it demanded a verdict of guilty.  The only assignment of error which is strenuously insisted upon here is that the trial judge violated the provisions of section 4334 of the Civil Code of 1895 by expressing an opinion upon the evidence.  It appears from the record that during the cross-examination of one of the witnesses for the State, and after the witness had answered, in response to questions propounded by the defendant's counsel, that he had sent several negroes to the defendant to get whisky, counsel for the defendant moved to rule out this testimony, upon the ground that it shed no light on the issue in the case and was simply a conclusion of the witness as to whether the defendant sold whisky.  Upon this motion the court ruled out the testimony objected to.  Thereupon the solicitor made the following statement to the court: "We insist that it is a circumstance that he sold the whisky.  The witness states that Smiley Hatcher arranged with him to go with him to the festival, and that Smiley Hatcher had twelve quarts, and that he sent other negroes to him to buy whisky, and also states that he didn't carry any whisky back home with him; and taking these facts together, we urge that it is a circumstance that Smiley Hatcher did sell some whisky."  In ruling upon this statement, and in connection with the former ruling in which he had withdrawn the testimony to which we first referred, the court said: "The statement that the witness made relative to Smiley Hatcher not carrying any whisky back with him I will allow to remain in evidence."  It does not appear that the defendant made any objection at the time to the language employed by the court in its ruling; and he did not ask that the jury be retired before the ruling was invoked.  But this is immaterial.  The insistence is that this statement by the court was a direct expression of opinion by the court as to what had been proved in the case.  We can not concur in this opinion.  This court, as it is in duty bound to do, has vigilantly guarded against any usurpation by the courts of the exclusive right of the jury to pass upon all issues of fact without interference or suggestion from the judge.  We have taken frequent occasion to refer to the weight with which any statement of opinion, or even an intimation, made by the judge, would go to the jury.  The requirements of section 4334 are mandatory; and a statement by a judge

in his charge to the jury, even without any expression as to the weight or effect of the testimony, that a particular fact has, or has not been proved, unless it is admitted or conceded that such was the case, constitutes a reversible error.  It is very manifest, however, that there is a wide distinction between an expression as to the weight or effect which should be given a fact alleged to have been proved and a mere statement that the fact has been proved.  The judge is forbidden either to state that a fact has been proved, or to express an opinion as to the weight of a certain fact or circumstance which has been proved, in anything which he may address directly to the jury, or as to any matter in which they are concerned, during the course of the trial, and especially in his charge to the jury.  But in rulings which are necessarily invoked during the course of the trial a different rule must be applied, and while the judge must not even then use such language as will prejudice the rights of either party by passing upon the weight of the testimony, he is permitted to refer to what he conceives to have been proved, for the purpose of testing its admissibility.  In every case, while the right to determine the weight and effect of the testimony is exclusively the prerogative of the jury, it is the duty of the judge to determine, prima facie at least, the admissibility of all the testimony that is offered.  Consequently, when it is apparent, as in the present case, that by no fair rule of construction can the language employed by the judge extend further than to the question of admissibility, there is no error.

Furthermore, the language employed by the judge in this case does not involve the statement of a fact.  The judge does not say that Smiley Hatcher did not bring any whisky back with him, nor even that the testimony was that Smiley Hatcher did not bring any whisky back with him.  The language used was "the statement made *relative* to Smiley Hatcher not carrying any whisky back with him."  By using the word "relative" the judge avoided saying, even by indirection, that Smiley Hatcher had not carried any whisky back with him; because we do not know from the statement what the witness said relative to that point, and he might have said either that he did not carry any whisky back with him or that he did.  It appears, from the record, that at the time of the judge's remark, the witness had not made any statement as to whether Hatcher did or did not carry whisky back with him; but this does:

not affect the point, because, though the judge was in error as to there having been testimony upon this point, he does not say what the testimony was or express any opinion as to its weight. At most, therefore, it can not amount to anything more in effect than a ruling that if any testimony should be offered relative to whether Hatcher did or did not carry back any whisky, the court would admit it.          *Judgment affirmed.*