### 19997. BROWN *v.* THE STATE.

DECIDED NOVEMBER 13, 1929.

*J. B. Jackson,* for plaintiff in error.
*Joseph B. Dukes, solicitor-general,* contra.

LUKE, J. Having been convicted of manufacturing whisky, Joe Brown excepted to the overruling of his motion for a new trial.

The following appears from the record: At the time and place charged in the indictment a county policeman and others found Watson Jackson and three negroes, including the defendant, at a whisky still which was in operation at the time. Later the defendant stated to the officer that "Mr. Watson Jackson got him into it, hired him to help operate the still, and he was down there helping him." An affidavit of the defendant was introduced in evidence, in

which he said: "That on the 31st day of October, 1928, he was at a certain still located at the Shilow Place above Round Oak, Jones County, when police officers raided same; that at said still at the time were Watson Jackson, George Folley, and Bud Odom, and that all three were working at said still engaged in the manufacture of liquor. The still was owned by said Watson Jackson. I just happened by there, and Mr. Jackson told me if I would help him a while he would give me a little bottle full, and I was helping when the officers came up." When the foregoing affidavit was offered in evidence, counsel objected to its going in for any other purpose than to impeach the defendant's statement, and upon no other ground. The court said: "I rule that the affidavit would be relevant testimony." Counsel said: "You rule it would be relevant outside of the purpose of impeachment?" The court replied: "Well, he said he was helping him." In the only special ground of the motion for a new trial "movant contends that the court committed reversible error in using said language in the hearing and in the presence of the jury, to wit, 'Well, he said he was helping him.' It is urged that in using the quoted language the court expressed an opinion that the defendant said he was helping operate the whisky still, in violation of the Penal Code (1910), § 1058."

After counsel had objected to the introduction of the defendant's affidavit for any other purpose than that of "impeaching" the defendant, and after the court, by stating that the affidavit was relevant testimony, had in effect held the evidence admissible without limitation, counsel asked the court if "it would be relevant outside of impeachment." By way of explaining his ruling the judge said, "Well, he said he was helping him." The last clause of the affidavit is, "I was helping him when the officers came up." A witness had testified that the defendant stated to him that "Mr. Jackson had him there helping him."

In *Croom* v. *State*, 90 *Ga.* 430 (3) (17 S. E. 1003), the court said: "Generally, what the court says in stating to counsel the reason for denying a motion to exclude or rule out evidence is, if pertinent to the question raised by counsel, not error, although the reason given involve a statement as to certain testimony which is already in, or as to there being nothing in evidence showing that the circumstances are as the counsel claim." In *Hall* v. *State*, 7 *Ga. App.* 115 (5) (66 S. E. 390), this court held: "The trial judge

may, without violating the principles of section 1032 of the Penal Code, give his reasons for a ruling on objections to testimony, though these reasons may state somewhat of the facts that have been shown in the case." The statement of the court that is objected to was pertinent to the proposition involved in his ruling, and, under numerous decisions of the Supreme Court and of this court, was not error. In this connection, see the authorities cited in the *Hall* case, supra.

.Notwithstanding the defendant's statement that he was at the still and was doing nothing "but standing right side of a barrel," the evidence of his guilt is overwhelming, and the court properly overruled the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*