23355. WOOTEN *v.* THE STATE.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court, incriminatory evidence, obtained by an illegal arrest, is admissible, if such evidence is relevant. *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893); *Calhoun* v. *State,* 17 *Ga. App.* 705 (88 S. E. 586). Under this ruling, special grounds 4, 7, 8, and 9 of the motion for a new trial are without merit.

2. "The trial judge may, without violating the principles of section 1032 of the Penal Code [section 1058 of the Penal Code of 1910], give his reasons for a ruling on objections to testimony, though these reasons may state somewhat of the facts that have been shown in the case." *Hall* v. *State,* 7 *Ga. App.* 115 (5) (66 S. E. 390); *Croom* v. *State,* 90 *Ga.* 430 (3) (17 S. E. 1003); *Hatcher* v. *State,* 8 *Ga. App.* 673 (2) (70 S. E. 43); *Brown* v. *State,* 40 *Ga. App.* 546 (150 S. E. 460). This ruling disposes of special ground 5 of the motion for a new trial.

3. Special ground 2 of the motion for a new trial is without merit.

4. Special grounds 1, 3, 6, and 11, and all of special ground 10 (except subground (e) thereof) are expressly abandoned in the brief of counsel for the plaintiff in error.

5. Subground (e) of special ground 10 of the motion complains that the judge in his charge intimated or expressed an opinion that liquor was in the automobile captured by the arresting officer. The evidence for the State disclosed that the car contained 39 gallons of liquor. That evidence was not in conflict, directly or indirectly, with any other evidence in the case or with the defendant's statement to the jury. The sole defense of the accused was an alibi, and there was no contention whatsoever that the automobile did not contain liquor. On the contrary, the undisputed evidence demanded a finding that liquor was in the car, and as to this question there was no issue of fact to be passed upon by the jury. It is well settled by numerous decisions of both appellate courts of this State that where a certain fact is shown, without dispute, by the evidence, and the parties are not at issue with reference thereto, it is not reversible error for the judge, while instructing the jury, to express or intimate an opinion that such fact has been proved. *Ga., Fla. & Ala. Ry. Co.* v. *Jernigan,* 128 *Ga.* 501 (57 S. E. 791); *Johnson* v. *State,* 30 *Ga.* 426 (5); *Hayes* v. *State,* 58 *Ga.* 35 (4); *Springfield* v. *State,* 125 *Ga.* 281 (54 S. E. 172); *Taylor* v. *State,* 135 *Ga.* 622 (8) (70 S. E. 237); *Johnson* v. *State,* 130 *Ga.* 22 (3) (60 S. E. 158); *Crawford* v. *State,* 4 *Ga. App.* 789 (6) (62 S. E. 501); *Craig* v. *State,* 9 *Ga. App.* 233 (2) (70 S. E. 974). It follows that the ground in question fails to show reversible error.

6. The defendant was tried for possessing and transporting intoxicating liquors. A witness for the State testified that he caught the defendant while he (the defendant) was driving an automobile which contained 39 gallons of liquor in gallon cans. Generally the word "liquor" implies intoxicating liquor, and, therefore, proof that the defendant possessed and transported "liquor" was sufficient to show, in the absence of proof to the contrary, that he possessed and transported intoxicating liquor. *Smith* v. *State,* 17 *Ga. App.* 118 (86 S. E. 283), and cit. Furthermore, while the evidence for the accused, and his statement to the jury, setting up an alleged alibi, would have authorized his acquittal, that evidence and the statement of the defendant were in direct conflict with the testimony of a witness for the State that the accused was operating the automobile when he (the witness) caught it and the liquor. The verdict was authorized by the evidence, and the refusal of the court to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED AUGUST 2, 1933.

*A. Walton Nall,* for plaintiff in error.
*S. W. Ragsdale, solicitor-general,* contra.