19442. ELDER *v.* THE STATE.

CANDLER, Justice. Hardin Elder was indicted in Haralson County for the murder of Verona Johnson, his sister. He was tried, convicted of the offense charged and sentenced to life imprisonment. He excepts to the judgment overruling his amended motion for a new trial. *Held:*

1. The evidence is amply sufficient to support the verdict. Hence, there is no merit in the general grounds of the motion for new trial.

2. The court gave a full and correct charge on the law of murder, voluntary manslaughter, and justifiable homicide. This being true, there is no merit in those special grounds of the motion which criticise the charge as given on these subjects.

3. In this case the jury was instructed that the defendant entered upon the trial with the presumption of innocence in his favor; that such presumption remained with him until removed by evidence; and that they would not be authorized to convict him of any offense covered by the indictment unless the evidence, after giving proper consideration to his statement, showed his guilt beyond a reasonable doubt. It is alleged in special ground 1 of the motion for new trial that the court erred in giving the following instruction: "If you believe the defendant is guilty of murder as alleged in the bill of indictment, and you believe it beyond a reasonable doubt, the form of your verdict would be, 'We the jury find the defendant guilty.' If you find that verdict and nothing more, that would mean that he would be sentenced to be electrocuted. If you think he should be punished by life imprisonment, and that is your province if you see fit, and if you find him guilty of murder, you should, if you saw fit, as I say, add to your verdict, 'We recommend him to the mercy of the court', or 'We recommend mercy.' Both clauses express the same thing. Then he would be sentenced to life imprisonment." The defendant contends that the quoted portion of the·charge was confusing and misleading; that it amounted to an instruction that the jury had a right to find the defendant guilty of murder if they saw

fit; and that it set up a new standard for ascertaining the defendant's guilt which the law does not recognize. It is also stated in this ground: "Said charge as given, does not conform to the law, and the jury were instructed that they could recommend life imprisonment only in the event they found the defendant guilty, and if they 'saw fit'." There is no merit in this ground. The jury must have understood that the instruction complained of related to their right to recommend mercy if they found the defendant guilty of murder; and, if the instruction as given is not technically accurate, the defendant was not injured since the jury recommended mercy.

4. There is no merit in the contention that the court erred in failing to charge on involuntary manslaughter as defined by Code § 26-1009. Briefly, the evidence shows that the defendant, the deceased, and several others were together on a "Saturday-night frolic"; that they went to several beer and liquor places where they bought and drank both beverages; that they went to "Georgia Kimbro's place" to get more whisky, arriving there about 1 a.m. While there, the defendant and the deceased got into an "argument." The defendant slapped the deceased. The deceased left the place immediately, going out in the yard. She was followed by the defendant. A fight ensued with the deceased using Coca-Cola bottles and the defendant a knife. The deceased was stabbed in the chest, her throat was cut, and the back of her arm lacerated. Immediately after the fight, the defendant stated to those present that he killed her when he stabbed her in the heart. She was carried to a hospital and died from her wounds soon after arrival. Involuntary manslaughter consists in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner. Hence, special ground 4 of the motion is not meritorious.

5. Special ground 6 alleges that the court erred in charging the rule respecting voluntary drunkenness. It is declared in the Code that drunkenness shall not be an excuse for any crime or misdemeanor, unless it was occasioned by the fraud, artifice, or contrivance of another person for the purpose of having a crime committed. Code § 26-403. In this case, the evidence and the defendant's statement show that he and the deceased had been drinking heavily during the night of the homicide, and the court did not err, as contended, in charging that voluntary drunkenness is not an excuse for crime.

6. For the reasons stated in the preceding divisions, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED SEPTEMBER 10, 1956—DECIDED OCTOBER 9, 1956.

*Robert A. Edwards, Russell O. Clay*, for plaintiff in error.

*Robert J. Noland, Solicitor-General, James I. Parker, Assistant Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.