## 22566. TRIMBLE v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried and convicted of murder. The jury failed to recommend mercy and he was sentenced to death by electrocution. Thereafter, he filed a motion to set aside the judgment and sentence of death by electrocution and a motion for new trial which was subsequently amended to add a number of special grounds. After a hearing on both motions the same were overruled, and the exception is to the final judgment overruling the amended motion for new trial. *Held:*

1. One of the contentions of the defendant, shown by the evidence and his unsworn statement, is that he returned to the rented room where he and the deceased, his alleged common law wife, stayed, after paying the rent and prior to going hunting—he having a rifle in his possession at that time; heard groans of what he thought was a man and woman having sexual relations and found his alleged "wife" lying on a bed with a woman known to him to be a Lesbian with whom he had previously heard his "wife" had been "fooling around," and upon seeing her he asked her to leave, where-

upon she began kissing, embracing and caressing his "wife," and "something came over him" and he shot the rifle and did not remember how many times he shot it, but it was an accident that he killed the deceased. A written request to charge on voluntary manslaughter was duly made, but the court refused to charge thereon even after a specific request by the jury as to whether or not they might consider manslaughter, and the fourth amended ground of the motion for new trial complains of the failure to charge thereon. Under all the above evidence and the unsworn statement, manslaughter was involved in the case, and the evidence, together with the unsworn statement, was sufficient, if believed by the jury, to raise a doubt, however slight, as to whether the homicide was murder or voluntary manslaughter; and it was a jury question whether the chain of circumstances and conduct was sufficient to engender irresistible passion. *Code* § 26-1007; *Crawford v. State,* 12 Ga. 142 (6) ; *Bell v. State,* 130 Ga. 865 (61 SE 996) ; *Burke v. State,* 196 Ga. 702, 707 (27 SE2d 313) ; *Campbell v. State,* 204 Ga. 399 (49 SE2d 867). The court erred in refusing to charge on voluntary manslaughter, and this ground of the amended motion is meritorious.

2. The other special grounds, some of which incorporated the motion to set aside the judgment and sentence of death by electrocution, complain that the sentence is cruel and unusual punishment in violation of the State and Federal Constitutions. This court held otherwise in *Sims v. Balkcom,* 220 Ga. 7 (136 SE2d 766). These assignments of error are controlled adversely by the ruling in the *Sims* case.

3. The evidence was sufficient to support the verdict of guilty, but for the reasons stated in headnote 1 above the judgment is

*Reversed. All the Justices concur.*

Submitted July 13, 1964—Decided September 11, 1964.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Robert Sparks, J. Walter LeCraw, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.