23068. WHISMAN v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried and convicted of murder. The evidence discloses that the deceased picked up two hitchhikers near Rome, was robbed and beaten by them, and left in an abandoned house in Chattooga County, where he died of wounds received in the beating. In the investigation of a stolen car near Savannah, approximately seven days later, the two hitchhikers were picked up for questioning. They were arraigned, had counsel appointed for them, and after five days in jail confessed to the murder of the deceased in North Georgia. The body of the deceased was found in the abandoned house just as the confessions disclosed. After his trial and convic-

tion, this defendant filed a motion for new trial which was amended to add 17 grounds, and the exception here is to the overruling of the motion for new trial as amended. *Held:*

1. Special ground 16 which alleges that the verdict of death was excessive, contrary to the laws of man, nature and decency that mark the progress of society is without merit in that the death penalty for the crime of murder is not cruel and unusual punishment in violation of *Code* § 1-808 and *Code Ann.* § 2-109 (Const. of 1945). The legislative discretion in providing for the death penalty in certain instances has not been abused, that branch of government having full authority to determine the wisdom of the law in applying safeguards for the protection of our society. See *Sims v. Balkcom,* 220 Ga. 7 (136 SE2d 766), and cases cited; also *Trimble v. State,* 220 Ga. 229 (138 SE2d 274). This ground is without merit.

2. Special grounds 4, 10 and 11 all assign error on the allowance in evidence of the confessions of the accused and his accomplice, and to the charge of the court which follows the Georgia statutes on confessions. Counsel cite and rely upon the case of *Coker v. State,* 199 Ga. 20 (2) (33 SE2d 171). It is contended that in the *Coker* case the confession was found by the court not to be freely and voluntarily made in that (1) the prisoner was in his late teens, (2) was subjected to a constant barrage of questioning from 2 or 3 o'clock one afternoon to daylight the next day by five officers, the accused being without benefit of counsel, (3) no one advised him of his rights, and (4) faced with another barrage of questioning the next day without proper sleep, he confessed. The situation here was vastly different in that the accused and his accomplice were under arrest for another crime, and were in jail on that charge for five days before being interrogated, and although the accused is only 18 years of age, he and the accomplice were treated with much kindness by the officers who supplied them with cigarettes, talked to them from time to time, stopped for them repeatedly on the way from Savannah to Floyd County, purchased them hamburgers, milk shakes, and cigarettes, none of which was shown to be for the purpose of influencing the prisoners. No constant barrage of questioning has been shown to have occurred, and the confessions were freely and voluntarily made, without threats or hope of reward, one taking place before two officers and a woman court reporter in Savannah, and the other before the

two officers returning them to North Georgia. In the Savannah statement, the prisoners were in a jovial mood, made the statements of their own free will after being advised that they could be used against them, and even though counsel had been appointed for them in another case they advised that they did not want counsel present. Out of the presence of the jury in a hearing before the court the accused swore that he was promised his clothes, money, cigarettes, a bath, a shave, and would be put in a cell with the accomplice if he would confess, but that he made the confession because the accomplice threatened him, implying that he was under the influence of the accomplice. In his unsworn statement to the jury his reason for confessing was because he did not know what he was doing, being "hopped" up on pills and whiskey, and that he was afraid of the accomplice and did everything the accomplice told him to do, having been threatened at the time of the crime and afterwards. None of these grounds is meritorious in that there was ample evidence that the confessions were freely and voluntarily made, without threats or hope of reward, and after the accused was advised of his rights, and that the same could be used against him, and he stated that he did not desire counsel to be present. Likewise the court properly instructed the jury as to the Georgia law (*Code* § 38-411) concerning the consideration of confessions, and that if the confession was not made voluntarily without being induced by another by the slightest hope of benefit or the slightest fear of injury they should not consider it in their deliberations. See *Sims v. State,* 221 Ga. 190 (144 SE2d 103); *Code* § 38-411; *Irby v. State,* 95 Ga. 467 (20 SE 218); *Cantrell v. State,* 141 Ga. 98 (4) (80 SE 649); *Garrett v. State,* 203 Ga. 756 (48 SE2d 377). These grounds are without merit.

3. Where in a colloquy between counsel as to the allowance in evidence of certain exhibits, counsel sought to repeat when the exhibits were identified as being connected with the crime —that is, found in an automobile, and the court stated "I know that," this was not an expression of opinion as to what had or had not been proved. See *Hatcher v. State,* 8 Ga. App. 673 (2) (70 SE 43); *Floyd v. State,* 100 Ga. App. 453 (6) (112 SE2d 171). The ground raising this question is not meritorious.

4. A forest ranger who was a bailiff tending the jury was called as a witness to identify certain photographs he had taken at

the scene of the crime and he was examined with reference thereto and as to a search he made with the Civil Defense to locate the deceased. A motion for mistrial was made, but there being no complaint of any misconduct of the bailiff in his duties in tending the jury, no error is shown requiring the grant of the motion. A sheriff or deputy who testifies in a case can have charge of the jury without prejudice, or affording grounds for complaint. See *Wade v. State*, 65 Ga. 756; *Daniel v. State*, 187 Ga. 411 (1 SE2d 6). No error is shown by the ground assigning error on the overruling of the motion for mistrial.

5. The court properly charged on the defendant's statement, and the jury was aware that it was not sworn testimony; hence the court did not err in failing to define "statement," nor was there error in the instruction to the jury to make the verdict speak the truth from the facts as gotten from the defendant's statement and the witnesses' testimony. *Merritt v. State*, 152 Ga. 405 (110 SE 160); *Dowdell v. State*, 194 Ga. 578 (22 SE2d 310); *Thurmond v. State*, 198 Ga. 410, 417 (31 SE2d 804); *Garrett v. State*, 203 Ga. 756, supra; *Grimes v. State*, 204 Ga. 854 (51 SE2d 797). None of these grounds of complaint is meritorious.

6. The court did not err in charging on drunkenness or intoxication produced by consumption of intoxicating beverages, drugs or opiates, and in failing to charge the definition of drugs, opiates, or barbituates, there being no request to charge thereon. These terms were employed by the accused in his statement. *Lewis v. State*, 196 Ga. 755 (27 SE2d 659); *Elder v. State*, 212 Ga. 610 (94 SE2d 730).

7. The court did not err in failing to instruct the jury to disregard a statement made by the special prosecutor in reference to whether or not testimony was taken down in a transcript, there being no objection made to his statement.

8. The court did not err in failing to charge on manslaughter, allegedly raised by the defendant's statement that he hit the deceased only because Chatterton told him to, that he meant no malice toward the deceased. The court is not bound without request to charge a theory of the case arising solely from the statement of the accused. See *McGinnis v. State*, 31 Ga. 236; *Hardin v. State*, 107 Ga. 718 (33 SE 700); *Gore v. State*, 162 Ga. 267 (134 SE 36); *Wright v. State*, 186 Ga. 863 (199 SE 209); *Ford v. State*, 202 Ga. 599 (44 SE2d 263).

9. The charge was not argumentative in repeating a phrase in reference to the instrument used to produce death, "in the manner in which it was used."

10. There is no uniformity in the practice of polling the jury, and the court properly polled the jury here. Thereafter, he asked counsel if he wanted anything else asked, and he replied "No," after the jurors all stated it was their verdict. See *Black v. Thornton,* 31 Ga. 641; *Wilson v. State,* 93 Ga. App. 375 (91 SE2d 854). These grounds are not meritorious.

11. One of the grounds complains because the court instructed the jury that it should determine whether or not a confession has been corroborated, movant insisting it is a question of law for the court to determine. The jury in this State is always the final judge of the law and the facts even though instructed by the court as to the law to apply. This means they determine if there is corroboration and the judge determines its sufficiency. This ground is not meritorious.

12. The evidence was sufficient to support the verdict and the general grounds are without merit.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED SEPTEMBER 13, 1965—DECIDED OCTOBER 7, 1965—REHEARING DENIED OCTOBER 19, 1965.

*Reuben A. Garland, Beryl H. Weiner, Edward T. M. Garland,* for plaintiff in error.

*Earl B. Self, Solicitor General, Bobby Lee Cook, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.