## 43537. IVEY v. THE STATE.

EBERHARDT, Judge. Appellant was tried on an indictment for murder and found guilty of voluntary manslaughter. It is contended that appellant, while acting in self-defense, did not intend to shoot and kill the deceased but only intended to use such force as necessary to prevent serious harm to himself and that the deceased was shot and killed by accident. Portions of the record relied upon as supporting this contention consist of testimony of a witness and appellant's unsworn statement. The witness testified: "Q. You thought he had intended to hit him, not shoot him? A. I thought he had hit him, I didn't know until I got back down there [that deceased had been shot]."

Appellant addressed the jury in his unsworn statement: "I didn't want to hurt him, I was sure that he was the man, but I knew that he was coming at me. I had to do something, and when I hit him with that pistol it went off. Why or whether I had my finger on the trigger, I don't know. . ."

The trial court undertook to state the contentions of appellant to the jury as follows: "The defendant denies this [murder], and he says that he did not intend to take the life of Ralph Johnson, that he went to see him about some money that he owed him and that while he was there that he had some words with Ralph Johnson, and that Ralph Johnson had a pistol and that he shot Ralph Johnson in self-defense, and he contends that he is not guilty as charged in this indictment."

The court charged on murder, voluntary manslaughter, involuntary manslaughter, assault and battery, self-defense, and gave the only request to charge submitted by appellant. It is now contended for the first time that the court erred by incorrectly stating appellant's contentions to the jury and by failing to charge in respect to accidental homicide. *Held:*

Other than the lack of any charge on the theory of accidental homicide we find no failure on the part of the court to state correctly the defendant's contentions. Since the theory of accidental homicide appears to have been raised only by the defendant's statement, and there was no request for any charge on that matter, no error appears. *Whisman v. State,* 221 Ga. 460 (8) (145 SE2d 499); *Brawner v. State,* 221 Ga. 680 (3) (146 SE2d 737); *Lott v. State,* 18 Ga. App. 747 (2) (90 SE 727).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

ARGUED APRIL 1, 1968—DECIDED SEPTEMBER 13, 1968—
REHEARING DENIED SEPTEMBER 30, 1968—

Camp & Stanford, Ben J. Camp, Weekes & Candler, John Wesley Weekes, for appellant.

Richard Bell, Solicitor General, Dennis F. Jones, for appellee.