## 26900. STEVENS v. THE STATE.

GUNTER, Justice. Jerry Stevens appeals from the judgment convicting him of murder and sentencing him to life imprisonment.

1. Enumerated errors which attempt to raise for the first time questions which were not raised in the trial court

present nothing for decision. See *Watson v. State*, 227 Ga. 698, 699 (182 SE2d 446) and cit.; *Patterson v. State*, 228 Ga. 389, 390 (185 SE2d 762) and cit. The following three enumerated errors are in this category: (a) No. 1: The denial of the defendant's alleged motion for a change of venue. This motion does not appear in the record. (b) No. 5: The alleged denial of the defendant's rights of equal protection under the law and a fair and impartial trial, because of the variance between the workloads and available facilities of appointed counsel and counsel for the State. Even if the law guaranteed to the accused complete equality of counsel with opposing counsel, we find no instances in the record of the trial judge's denying any specific requests regarding the accused's defense other than the motion for continuance, hereinafter considered. (c) No. 6: Defendant's indictment or trial, subsequent to his trial in the present case, for two lesser offenses allegedly arising out of the same act. This is a matter to be raised by pleadings in the two subsequent proceedings alluded to.

2. Enumerated error 2 is the denial of defendant's motion for a continuance, which was based on the ground that he wished to have subpoenaed for a subsequent term of court some witnesses whose names he did not previously know. It is not shown how the testimony of such prospective witnesses would have assisted in appellant's defense or how the defense suffered by the refusal of a continuance. "The statement by counsel that they had not had time to make an adequate investigation of the facts and prepare a proper defense is a mere conclusion. *Foster v. State*, 213 Ga. 601, 603 (100 SE2d 426) . . . Motions for continuance and postponement are addressed to the discretion of the trial judge, and no abuse of discretion is shown in the present case . . ." *Morgan v. State*, 224 Ga. 604, 605 (163 SE2d 690) and cit.

3. Enumerated error 3 is the trial court's refusal to charge the jury on manslaughter and self-defense. Since there was no request to so charge and since the issues were

raised, if at all, solely by the defendant's unsworn statement, the failure to so charge was not error. *Whisman v. State,* 221 Ga. 460 (8) (145 SE2d 499) and cit.

4. Enumerated error 4, the overruling of the motion for new trial, is without merit. (a) The sole special ground here argued is the alleged discovery of new evidence, which consisted merely of the testimony of two of appellant's co-indictees. The only reason advanced for these prospective witnesses' not having been subpoenaed to be at appellant's trial is that they were incarcerated in a different prison. The court did not abuse its discretion in overruling this ground, especially since counsel for appellant was also counsel for the two prospective witnesses, who were excluded from the courtroom during the trial of appellant's case by the granting of his own counsel's motion for a severance of the trials. (b) The verdict was authorized by the evidence. Appellant and his three co-indictees, residents of Augusta, were overheard in a bar in that city on the evening of the murder, planning a robbery at an undisclosed location. Around 10:20 that night, these four were seen on a road about two miles from the murder scene, the Amvets Club near Statesboro, in an automobile stolen previously in Augusta. One of the group stated that they were looking for a certain named woman, but no such person lived in the area. At approximately 12 p.m., appellant and two of his co-indictees entered the Amvets Club at closing time, drank some beer (fingerprints of all three were found on some beer cans there), then all three of them drew pistols and said "hold up" to the deceased victim, the club manager, who was counting the day's proceeds upon the counter. The decedent reached under the counter, whereupon he was shot several times in the chest, dying instantly. Three bullets removed from the body were fired from a pistol purchased by and registered in the name of appellant. The three then took the money on the counter and the billfolds of the decedent and the employee who was present, ripped the telephone from the wall and fled.

Early the next morning, all four co-indictees registered under false names at a Savannah hotel at approximately the same time. The next day all four returned to Augusta and two of them tried to sell the manager of the aforesaid bar there $180 in change. One of them left at an Augusta service station a vehicle, from which were recovered the decedent's fully loaded pistol and a map with the location of the Amvets Club marked with an "X" and containing fingerprints of two of appellant's co-indictees. The stolen vehicle, in which the four were riding just before the murder and robbery, was found abandoned and burned across the Savannah River from Savannah a few days later; the stolen billfolds were found buried across the Ogeechee River from Statesboro, together with the non-monetary contents thereof and the pistol which killed the deceased victim; the pistol had been purchased by the appellant a week and a half prior thereto in Augusta, and the serial number had been scratched off. On the day after the murder, appellant contacted his kinsman for aid in "getting out of town" from Augusta and fled the State with false identification papers.

The verdict and judgment were not erroneous for any reason contended.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 14, 1971—DECIDED FEBRUARY 11, 1972.

*Ralph U. Bacon,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.