## 47201. WASHINGTON v. THE STATE.

BELL, Chief Judge. The defendant was tried for murder and convicted of voluntary manslaughter. He enumerates as error the sufficiency of the evidence to support the conviction, the failure of the trial court to charge on involuntary manslaughter and accident or misadventure.

1. Upon arrival at the deceased's home there was testimony from the State's witnesses that the defendant stuck a knife into his belt. Also according to the State's witnesses the deceased confronted the defendant concerning why the defendant had told the deceased's girl friend that he had been riding around with another woman. Thereupon the defendant picked up the deceased, threw

him down and stabbed the deceased about the body with the knife three times. One wound punctured the deceased's heart causing his death. After the inflicting of the wounds both parties withdrew. The deceased crawled out to an outside water faucet to wash his wounds and then moved to the porch of the house next door where he collapsed and died. The defendant left the premises. A defense witness testified that the deceased attacked the defendant initially by striking him with his fist and knocking him to the floor. Defendant in his unsworn statement related that the deceased attacked him. He admitted inflicting a shoulder wound in order to get the deceased to desist from attacking him; that he did not know how he stabbed the deceased in the heart; and that he never had any intention of killing the deceased. Even though conflicting, the evidence is sufficient to authorize the verdict of guilty of voluntary manslaughter.

2. It was not error to fail to charge on involuntary manslaughter. *Code Ann.* § 26-1103 (a) and (b) defines two types of involuntary manslaughter, one a felony and the other a misdemeanor. Felony manslaughter occurs when a person without intent causes the death of another by the commission of an unlawful act other than a felony. Misdemeanor manslaughter occurs when death is caused without intent by the commission of a lawful act in an unlawful manner. Under the facts even if the defendant did not intend to kill the deceased by stabbing him, he nevertheless committed an aggravated assault upon his victim, a felony under *Code Ann* § 26-1302, unless, of course, he was acting in self-defense, in which case he would be guilty of no crime. Thus the deceased's death was not caused by defendant by the commission of an unlawful act other than a felony and there is no basis to show that defendant caused the death in the commission of a lawful act in an unlawful manner. *Tate v. State,* 123 Ga. App. 18 (179 SE2d 307). The trial court correctly limited the case to murder, voluntary manslaughter or justifiable homicide by reason of self-defense.

3. There is no evidence which would require a charge on accident or misadventure. The accused's unsworn statement that he did not know how he inflicted the fatal heart wound does not give rise to the theory of accident or misadventure. But even if it did, no error appears as there was no request to charge on this defense. *Ivey v. State,* 118 Ga. App. 406 (163 SE2d 843).

*Judgment affirmed. Evans and Stolz, JJ., concur.*
ARGUED MAY 2, 1972—DECIDED JUNE 1, 1972.

*Walters & Davis, W. Emory Walters, Cheryle D. Bryan,* for appellant.

*D. E. Turk, District Attorney,* for appellee.