## 50117. MANNESS v. THE STATE.

DEEN, Presiding Judge.

The defendant contended in his unsworn statement that, when he went to the victim's apartment, it was only to remonstrate about the treatment he claimed was given one of his children, and that he happened to have a pistol in his hand only by chance and did not realize he was carrying it, and that the victim advanced against him and that he then retreated. "When I backed up I was under the steps, I couldn't go nowhere. I threw my hands up, the gun went off, and Buddy staggered back." This statement was contradicted by three witnesses who testified that the defendant in fact entered the victim's apartment, cursed and threatened him, and eventually shot him in the throat. *Held:*

1. The general grounds of the motion for new trial are without merit.

2. Where one of the defenses urged is supported only by the defendant's unsworn statement, and there is no request to instruct the jury on the law of such defense,

112

failure to so charge is not reversible error. *Huff v. State,* 113 Ga. App. 257 (147 SE2d 840); *Ivey v. State,* 118 Ga. App. 406 (163 SE2d 843); *Washington v. State,* 126 Ga. App. 396 (190 SE2d 821); *Whisman v. State,* 221 Ga. 460 (145 SE2d 499); *Brawner v. State,* 221 Ga. 680 (146 SE2d 737); *Stevens v. State,* 228 Ga. 621 (187 SE2d 281).

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED FEBRUARY 3, 1975 — REHEARING DENIED FEBRUARY 25, 1975 —

*Downey, Cleveland & Moore, John H. Moore,* for appellant.

*George W. Darden, District Attorney, B. Wayne Phillips,* for appellee.

ON MOTION FOR REHEARING.

We are urged by motion to rehear to follow the law as stated in *Foskey v. State,* 125 Ga. App. 672 (3) (188 SE2d 825) that the court "must charge the law of the case so as to cover the substantial issues made by the evidence, whether such instructions are requested or not." This is correct; in the present case, however, the affirmative defense was not raised by *evidence* but only by the unsworn statement. Counsel for the appellant did not try the case but is the third in succession of court-appointed counsel. This defendant has had a fair trial in every respect, and we adhere to our decision affirming the conviction.

*Judgment adhered to.*