## 30190. POWELL v. THE STATE.

INGRAM, Justice.

Appellant was convicted of murder and sentenced in

the Superior Court of Bryan County to serve a life imprisonment term for this offense. This appeal enumerates three alleged errors: (1) the trial judge failed to charge the jury on the law of misfortune or accident, which was placed in issue under the appellant's unsworn statement at the trial; (2) the trial judge's charge on reasonable doubt and the burden of the state were argumentative, weighted in favor of a verdict against (appellant), confusing and misleading; and (3) the evidence is legally insufficient to support the jury's verdict of guilty.

The state's evidence authorized the jury to find that in the early evening hours of January 27, 1973, in Bryan County, appellant's sister, Sarah Powell, and her boy friend, Joe Smith, had been to a local club where they had argued. While there, they encountered appellant outside the club and he decided to walk home with them. They walked to the home of Gladys Rivers. Upon arrival, Sarah Powell was crying and appellant tried to make her go inside the house. The victim of the homicide, Vera Dell Powell, appellant's aunt who was temporarily living in the Rivers' house, told appellant not to make his sister, Sarah, go inside the house. This angered appellant and he cursed his aunt Vera Dell, slapped her and then struck her with a sawed-off shotgun which he was carrying at the time. She turned around and appellant shot her with the shotgun, blowing off the top of her head, from approximately two feet away.

Less than two minutes elapsed between the time the victim, Vera Dell Powell, reprimanded appellant until he shot her. After the shooting, appellant fled from the scene of the homicide. Four witnesses, Gladys Rivers, Louvista Rivers, Frank Rivers and Sarah Powell, testified to observing either all or part of these events which resulted in the death of Vera Dell Powell. The appellant elected to make an unsworn statement at the trial in his own defense in which he stated the shotgun accidentally discharged during an argument and struggle between him and the victim at the house. None of the witnesses who testified under oath at the trial corroborated appellant's version of the homicide as being accidental. *Held.*

1. "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proof submitted to the jury." *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891). The evidence was sufficient to support the verdict of the jury finding the appellant guilty of murder.

2. It will serve no useful purpose to set out in detail the trial court's entire instructions to the jury on the reasonable doubt doctrine and the burden of proof which the law imposes upon the state. The principal criticism offered by appellant to these instructions rests upon the trial judge's repetition of the substance of Code Ann. § 38-110. Although this repetition perhaps was unnecessary, we do not agree that it was argumentative, confusing or misleading to the jury. It did not weight the court's charge in favor of the state, but, on the contrary, would appear to be more beneficial than harmful to appellant. "The court's charge to the jury should be considered as a whole. It was a fair and full charge covering the issues to be resolved by the jury and making it quite clear the burden was upon the state to prove appellant's guilt beyond a reasonable doubt." *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856).

3. The remaining enumeration of error complains that the trial judge, without request, failed to charge on the law of misfortune or accident. This theory of the homicide was raised only by appellant's unsworn statement at the trial. Under these circumstances, it was not error for the trial judge to fail to charge on it. *Whisman v. State,* 221 Ga. 460 (8) (145 SE2d 499); *Brawner v. State,* 221 Ga. 680, 684 (146 SE2d 737); *Stevens v. State,* 228 Ga. 621 (3) (187 SE2d 281); and *Manness v. State,* 134 Ga. App. 111 (2) (213 SE2d 138).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 25, 1975 — DECIDED SEPTEMBER 16, 1975.

*Thomas J. Ratcliffe, Jr.,* for appellant.
*John W. Underwood, District Attorney, Arthur K.*

*Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.