## 56739. BENEFIELD v. THE STATE.

McMurray, Judge.

Defendant was indicted for and convicted of aggravated battery in unlawfully and maliciously causing bodily harm to another by seriously disfiguring his body by pouring acid on him. Defendant was sentenced to serve a term of 15 years. His motion for new trial, as amended, was filed and denied. Defendant appeals. *Held:*

1. The first three enumerations of error are concerned with the failure of the trial court to read the entire indictment to the jury in the charge. The court merely instructed the jury that the defendant was charged with aggravated battery. He then stated, "The indictment will be out with you, I will not bother to read it to you at this time." However, he later fully instructed the jury as to the commission of aggravated battery. There is no requirement in this state as to the particular form and order in which a judge should give applicable principles of law in instructing the jury. See *Kryder v. State,* 57 Ga. App. 200 (194 SE 890). The trial court did not err in instructing the jury as to the meaning of aggravated battery even though the legal definition was given which stated that a person commits aggravated battery when he maliciously causes bodily harm to another by depriving another of a member of his body, or the rendering of a member of his body useless, or by seriously disfiguring his body. The jury was aware of the evidence and had the indictment out with it; hence, we find no error in that the court failed to read the indictment to the jury or instruct them that they might read it if they so desired. We find no reversible error in these enumerations of error. A reading of the trial court's charge fails to disclose that the court in anywise placed the burden of proof on the defendant. The instruction to which the defendant objects is that if the jury "believe that he's not guilty or if there remains in your mind a reasonable doubt as to his guilt, then the form of your verdict would simply be we the jury find the Defendant not guilty." This does not amount to a charge that the defendant has the burden of proving himself innocent.

2. The trial judge may of his own volition and in his discretion charge on a lesser included crime in the indictment. However, his failure to do so without a written request is not error. See *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354). Defendant's claim that the trial court erred in failing to charge on simple battery as an essential element of the offense of aggravated battery is not well taken. Had he desired a charge on simple battery a written request for same should have been made. There is no merit in this complaint.

3. During the sentencing phase one of the counsel for the defendant advised the court that he had heard a lot of baseless rumors that the defendant "is really going to get it, here from the court and from the prosecutor." He stated that he discredited these rumors but since he had heard such rumors he was advising the court of same, although he placed absolutely no credence in what he had heard. Whereupon, the trial judge (sentencing judge) replied to this colloquy stating that he had been aware of the defendant's presence in the community during the 16 years that he had practiced law and knew of many instances of the defendant's criminal activity and was well aware of his reputation for violence, reputation for arson and a reputation for influencing young people to steal and the court did not think he could put this out of his mind. However, the trial judge stated he was well aware that reputation is based on rumors and hearsay, but that when he looked at the defendant's record he found that when the defendant was not in jail he was in trouble. All of this could have been left unsaid on the part of the court. However, the trial judge then stated that "laying all reputation aside and giving it no weight whatsoever," but in just considering the incident charged he considered it one of the most heinous things, and therefore, the court sentenced him to 15 years. The trial judge clearly stated that he was not considering rumors, hearsay, innuendoes, and information not obtained from his personal observation. It, therefore, cannot be said that the court abused its discretion in considering such matters during the sentencing phase.

4. Nor did the trial court err in making a remark as to the contents of testimony when the court was ruling

upon the admissibility of same. See *Hatcher v. State,* 8 Ga. App. 673 (2) (70 SE 43); *Miller v. State,* 122 Ga. App. 553, 554-555 (177 SE2d 838). Further, counsel has not pointed out in the transcript and proceedings where this occurred in order that we might examine same to determine if there is any error. Accordingly, this enumeration of error is not meritorious.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 17, 1978 — DECIDED NOVEMBER 2, 1978 — REHEARING DENIED NOVEMBER 22, 1978 —

*Kimzey, Kimzey & Carter, M. Keith York, Tom Carter, Herbert B. Kimzey,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.